## J. S. M. CIESIELSKI V. PAULINE NOWACKI.

PARTNERSHIP — *Accounting* — *Pleading* — *No Reply* — *Waiver*.  In an action commenced before a justice of the peace, in which an answer is filed setting up a partnership between the parties, and in addition thereto alleging the entire business of the partnership, and judgment is asked thereon; and where no reply or other denial under oath is filed, and the action is tried without objection, and as if such partnership was in issue: *Held*, That the want of such verified reply was waived; *and further held*, that where in such an action an accounting between partners is had, as if in an action brought for that purpose, the judgment will not for that reason be disturbed.

### *Error from Marion District Court.*

ACTION brought before a justice of the peace of Marion county, by *Nowacki* against *Ciesielski*, to recover for 50 days' labor repairing machines in June, July, and August, 1885, at $3 per day, $150; 72 days' labor in blacksmith shop in August, September, and October, 1885, at $2.50 per day, $144; for labor about the store of the defendant from May 15 to June 10, 1885, $6, making a total of $300.  The defendant filed an answer, and therein prayed judgment against the plaintiff for $275.28½, and for costs.  The trial before the justice resulted in a verdict for plaintiff for $205.34, and a judgment accordingly.  The defendant appealed to the district court.  Trial at the March term, 1886, and verdict for plaintiff for $198.81.  The defendant filed a motion for a new trial, which the court overruled at the June term, and thereupon rendered judgment on the verdict for the plaintiff, together with costs taxed at $345.60.  The defendant *Ciesielski* brings the case here.

*Smith & Solomon*, for plaintiff in error.

*Henry A. McLean*, for defendant in error.

Opinion by CLOGSTON, C.: But one question is presented by the record.  Plaintiff below alleged that he performed certain labor for the defendant, and that said labor was reason-

ably worth the sum charged. The defendant, in answer, alleged, first, a general denial; and second, that plaintiff and defendant were, at the time of the performance of the work and labor set out in plaintiff's bill of particulars, partners engaged in the blacksmith, machine and repairing business; that said partnership had not been dissolved; and that no accounting or settlement had been had between the partners. In addition to this, defendant alleged that he had expended certain moneys in the purchase of tools, stock, and shop, and that plaintiff was to repay him said amount so invested, and the surplus or profits thereafter were to be equally divided between the plaintiff and defendant; and he alleged that said plaintiff was indebted to him in a sum over and above all work, labor, and money, done, furnished or performed by the plaintiff, and for which sum he asked judgment. No reply was filed to this answer. Trial was had upon said bill of particulars and answer. No objection was made to the introduction of evidence; no question was raised because the answer was not denied, and no demand for judgment on the pleadings. Plaintiff in error now insists that, as his answer was not denied under oath, it must be taken as true, and that the question of partnership, being the bone of contention between them, if established, the plaintiff below could not recover. This point may be conceded. The allegation of the partnership was admitted unless denied under oath by the plaintiff; but the want of this denial could be waived by the defendant below, and by his silence it was so waived. He made no objection to the introduction of evidence; in fact, it was treated by the parties and by the court as if the answer had been denied. And an accounting was had between the plaintiff and defendant upon their entire transactions; so, if it was admitted that there was a partnership, and that partnership was not denied under oath, and not waived, then by the answer of the defendant all the questions were put in issue as if it had been an action for an accounting between partners, and a full accounting was had; and a judgment on such an accounting is conclusive. This being the only error raised, we think the

judgment of the court below was correct. It is therefore recommended that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.