## M. A. SHANE v. ASA C. PALMER.

NOTE—*Mortgage*—*Payment*—*Agent.* An agent who loans money, and collects and remits interest to a non-resident holder of note and mortgage, and is expressly authorized to remit principal and interest after a loan is due, is authorized to receive payment on said note and mortgage, although they are not at the time in his possession.

*Error from Dickinson District Court.*

THE case is stated in the opinion. Judgment for plaintiff *Palmer*, at the October term, 1887. The defendant *Shane* brings the case here.

*John Mahan*, for plaintiff in error.

*Stambaugh, Hurd & Dewey*, for defendant in error.

Opinion by STRANG, C.: Action for foreclosure of mortgage. Defendant pleaded payment to T. C. Henry & Co., and alleged that they were the agents of the plaintiff below, with authority to receive such payment. The undisputed evidence in the case shows that on the 20th day January, 1880, A. H. Vansant and wife executed to Asa C. Palmer, plaintiff in the case, the note and mortgage sued on, for $250, due in five years, with interest at the rate of ten per cent., payable semi-annually; that afterward, and before said note became due, the plaintiff in error became the owner of the legal title to the premises upon which the mortgage in suit was made a lien; that as each semi-annual coupon for interest became due the plaintiff in error paid the amount thereof to T. C. Henry & Co., who claimed to be the agents of the defendant in error, and who receipted to him for the same and forwarded it to the. defendant in error, whereupon he returned to them the coupon therefor, and they delivered it to the plaintiff in error; that a few days before the note sued on became due the plaintiff in error paid the same, with the amount of the last interest coupon thereon, to T. C. Henry & Co.; that T. C. Henry &

Co. failed to pay over to the defendant in error the money so paid them.

The only disputed question in the court below was whether or not T. C. Henry & Co. were the agents of A. C. Palmer, with authority to receive the money on said note. That question the court below resolved in favor of the plaintiff, and entered judgment for him for the amount of the note, and for costs. The defendant filed a motion for a new trial, which was heard and overruled; to which order overruling the motion for a new trial the defendant objected and excepted, and assigns as error herein the refusal of said court to grant a new trial. The question to be determined here is, did the court below commit error in refusing to grant a new trial? And this question turns upon the further question, were T. C. Henry & Co. the agents of A. C. Palmer, plaintiff below, to collect the money due on the note sued on? If T. C. Henry & Co. had no authority to receive such payment, then the record discloses no error; but if they had such authority to receive such payment, then the judgment of the court below is erroneous, and should be reversed.

It is a very serious question whether the defendant below was not justified in making the payment of said note and interest to T. C. Henry & Co. by reason of the course of business between them. For nearly five years T. C. Henry & Co. had in fact acted as the agents of the plaintiff below in connection with his loans in Dickinson county. They had loaned his money, and collected both the interest and principal of said loans. The several statements of account by the plaintiff below with T. C. Henry & Co. produced in evidence all show that he expected them to make collections for him as well as to loan his money. Besides, he frequently reminded them that the interest on certain loans and the principal of others were due him, and asked them to remit the same. How could he expect them to remit money due on his notes and mortgages unless they were authorized to collect the same?

Commencing in July, 1880, about the time the first interest coupon was due on the note sued on, the plaintiff below refers

fifteen times, in so many different letters addressed to T. C. Henry & Co., to the particular claim in suit in this case. In a number of such letters he reminds them that the interest on the note is due, and asks them to remit it to him. In others he refers to coupons inclosed on which they have collected the interest and remitted it to him. These letters, and accounts stated by Palmer with Henry & Co., come very near disclosing express authority to collect all the claims therein referred to. But the right of Henry & Co. to collect the note sued on need not be based upon authority conferred in these letters and accounts stated between Palmer and Henry & Co. by Palmer himself. Turning to page 26 of the case-made, we find another letter addressed to Henry & Co. by Palmer, in which he says: "There is now due me the A. H. Vansant principal and interest, January 20, $262.50. Please remit." The sum named as principal and interest was the full amount of the claim sued on. We have no hesitation in saying that this letter confers explicit authority on Henry & Co. to receive the money on the Vansant note. Palmer says to Henry & Co., "There is $262.50 due me on the principal and interest of the claim in dispute;" and adds, "Please remit." If he had said, "Please collect and remit," the authority of Henry & Co. to receive payment of said claim would not have been questioned. Why are not the words "Please remit," under the circumstances, equivalent to "Please collect and remit"? Henry & Co. could not remit without first collecting or receiving the money on the note. Authority to remit must necessarily under such circumstances include authority to receive. It is said Henry & Co. did not have in their possession the note when they received and receipted to plaintiff in error for the money paid them thereon. Neither did Henry & Co. at any of the many times when interest was paid on said note, have in their hands the coupon for the interest paid; but they received the money, and receipted for it to plaintiff in error, and remitted it to Palmer, and in due time received from him the coupon, and delivered it to the plaintiff in error.

We believe Henry & Co. had explicit authority from Palmer

to receive the money on the note sued on. It therefore follows that the judgment of the court below is erroneous; and we recommend that it be reversed, and the case remanded, with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concurring.