AUSTIN H. BRONSON v. MARY ASHLOCK *et al.*
### No. 45.

1. PLEADING AND PRACTICE—*Verification Waived.* When, under the code, the allegation of the existence of a fact is to be taken as true, unless denied under oath, the necessity of verifying a denial will be deemed to have been waived, when the whole trial proceeded without objection, upon the assumption that issue was properly joined thereon; and objection cannot, for the first time, be made in this court that the denial was not under oath.

2. AGENCY—*Insufficient Evidence.* Evidence of authority of one as agent to collect for the holder the semiannual interest on a negotiable note, as the interest matures, does not show authority in such person to accept a payment of the principal of the note long before its maturity, when he is not shown to have possession or control of the note.

MEMORANDUM.—Error from Graham district court; CHAS. W. SMITH, judge. Action in foreclosure brought by Austin H. Bronson against Mary Ashlock, W. R. Hill, and others. Judgment for defendants. The plaintiff brings the case to this court. Reversed. The facts are stated in the opinion, filed October 9, 1895.

*Waggener, Horton & Orr,* for plaintiff in error.

*H. M. Baldwin,* for defendant in error W. R. Hill.

The opinion of the court was delivered by

GARVER, J. : Under date of September 1, 1887, Mary Ashlock, for herself and as guardian of certain heirs of D. C. Ashlock, deceased, executed a negotiable note and mortgage in favor of the Guaranty Investment Company for the sum of $300, due in five years thereafter, with interest at the rate of 7 per cent. per annum, to be paid semiannually, both principal and interest being made payable at the Exchange National Bank, Atchison, Kan. On December 20, 1887, the note and

mortgage were transferred to Austin H. Bronson, who commenced this action, on November 21, 1892, in the district court of Graham county, against the makers of the note and others for the recovery of the principal and unpaid interest of the note and for the foreclosure of the mortgage. The makers of the note and mortgage were served by publication, and made default. W. R. Hill, one of the defendants, appeared, and answered the plaintiff's petition by alleging that he was the owner in fee simple of the land upon which the mortgage was sought to be foreclosed, having derived his title thereto by conveyance executed by Mary Ashlock in February, 1889; that about February 4, 1889, "said defendant Mary Ashlock, widow of D. C. Ashlock, deceased, and guardian of the said minor heirs of the said D. C. Ashlock, deceased, paid to the Guaranty Investment Company the amount in full of said note, and the interest due thereon; and said Guaranty Investment Company was duly authorized in fact and in law to receive the same, and said payment was then and there received in full settlement of said note and mortgage." The plaintiff filed a reply to the answer of Hill, consisting of a general denial, unverified. The trial was had by a court and a jury, resulting in a verdict in favor of Hill, upon the issues joined between him and the plaintiff, on which judgment was rendered against the plaintiff for costs.

The evidence tends to show that early in 1889 Hill purchased the land mortgaged from Mrs. Ashlock, and received from her a deed of conveyance purporting to convey to him the fee-simple title to the premises, free and clear from all incumbrances; that Mrs. Ashlock provided for the discharge of the mortgage by having Hill remit $300 of the purchase-money for the payment thereof; that Hill obtained a draft for $300

from a bank in Hill City and sent the same to one of the officers of the Guaranty Investment Company at Atchison, where said company had its main offices. There is no evidence tending to show what became of this draft, or that the plaintiff, who was then the holder and owner of the note and mortgage, received any benefit therefrom.

The case was tried, and is now presented, upon the theory that the Guaranty Investment Company, at the time of the payment to it of the $300, was the agent of the plaintiff, Bronson, duly authorized to receive payment of the principal and interest of this note, and, consequently, that a payment to said company would bind the plaintiff. Evidence was introduced to prove the alleged agency of the Guaranty Investment Company, and that question was treated all through the trial as a material controverted fact to be determined, and was so submitted by the court to the jury. Counsel for Hill claim, in this court, that the fact of agency was admitted by the pleadings ; that the failure of the plaintiff to deny under oath the allegation contained in Hill's answer, that " said Guaranty Investment Company was duly authorized in fact and in law to receive the same," left that fact admitted. Whether this was such an allegation of authority, within the meaning of the code, as should be denied under oath, in order to put it in issue, is not necessary to decide ; for, the trial having proceeded as if that fact was in issue, the necessity for any such denial under oath will be deemed to have been waived, and it is too late now to raise the objection for the first time. (*Ciesielski v. Nowacki*, 39 Kan. 340.)

The only evidence of agency offered was that payments of the interest coupons, due, March 1, 1888, September 1, 1888, March 1, 1889, and September 1,

1889, respectively, were made by remittances to the Guaranty Investment Company, at Atchison, and the several interest coupons were, by said company, returned to Mary Ashlock soon after the respective payments were made, marked paid. The court, upon this question, instructed the jury as follows :

"The evidence in this case shows that it [the alleged payment] was not made to the plaintiff, Bronson, personally, and that if any payment was made at all, it was made to the Guaranty Investment Company, or their representatives, the original payees of the note and mortgagees in the mortgage. So that, the evidence showing that Mr. Bronson was the owner of the paper and the owner of the mortgage at the time the payment was made, to permit Mr. Hill to receive the benefit of that payment, it is necessary that he should show that these parties had authority to receive such payment in the first instance, or that such payment was ratified by the holder of the paper, or that such a state of the evidence is disclosed here as would estop the plaintiff from claiming that the Guaranty Investment Company had no right or authority to receive payment for this mortgage. But if you should find in this case that the Guaranty Investment Company had been collecting the interest on this indebtedness, this mortgage, and paying it over to the plaintiff here, and that the plaintiff had been permitting them to collect interest for him, and the payment of this note and mortgage was made to the Guaranty Investment Company, and this thing occurred both before and after the transfer of the note and mortgage to the plaintiff, then that would constitute the Guaranty Investment Company the agent of the plaintiff for the collection of the paper, and any payments made, by any one liable on the paper, to the Guaranty Investment Company, under these circumstances, would be a payment to the plaintiff; at least, the plaintiff having treated the Guaranty Investment Company as his agent for the collection of the interest — permitted it to collect the interest —

would be estopped from claiming that they had no authority to do so."

In so instructing the jury we think that the court erred.   The mere collection of past-due interest coupons on a note long before the time of its maturity is not of itself sufficient to show authority in such person to receive payment of the principal before it is due.   We have been cited to no decision going to that length, in holding the owner of a negotiable note responsible for a payment to a third person under such circumstances, long before payment acccording to the terms of the contract can be demanded, and where the evidence fails to show that the person to whom payment was made had possession or control of the note.   The case of *Shane v. Palmer*, 43 Kan. 483, cited by counsel for Hill, does not support such a proposition, as in that case there was evidence of express authority to receive the payment made.   In this case there is nothing to show that the Guaranty Investment Company had possession, or claimed possession or control, of the note and mortgage after their transfer to Bronson in 1887.   The payment under such circumstances was made wholly at the risk of the payer.   In these views we find support in the following cases : *Best v. Crall*, 23 Kan. 482 ; *Cowles v. Burns*, 28 id. 38 ; *Smith v. Kidd*, 68 N. Y. 130 ; *Crane v. Greenwald*, 120 id. 274 ; *Lumber Co. v. Littlejohn*, 31 Neb. 606 ; *Keohane v. Smith*, 97 Ill. 156 ; *Biggerstaff v. Marston*, 161 Mass. 101 ; *Watson v. Wyman*, 161 id. 96 ; *Mulcahy v. Fenwick*, 161 id. 164 ; *Williams v. Walker*, 2 Sandf. Ch. 325 ; *Lee v. Clark*, 89 Mo. 553.

It is objected by the plaintiff that there is a variance between the evidence offered as to payment and the allegation of payment in the answer ; that the answer alleges payment by Mrs. Ashlock, while the

evidence tends to show that, if payment was made, it was made by Hill. We think, however, that there was no substantial variance; that under the agreement between Mrs. Ashlock and Hill it might be considered as a payment made by her through him. ·

For the errors mentioned in this opinion, the judgment rendered upon the issues joined between Bronson and Hill will be reversed and a new trial ordered. The decision of the district court upon the issues joined between the other parties to this suit is not disturbed.

All the Judges concurring.