CHARLES C. T. WHITE, Respondent, v. JAMES B. M. KEHLOR, Appellant.

St. Louis Court of Appeals, November 5, 1900.

1. **Negotiable Note: PAYMENT TO PERSON OTHER THAN THE OWNER: AGENT: EVIDENCE.** If the maker of a negotiable note transferred in due course of trade, as in the case at bar, pays it to any person other than the owner, he must be able to show that the person to whom payment was made was the real or ostensible agent for collection, of the true holder of the paper.

2. ———: ———: ———: RECITALS IN NOTE AS TO PLACE OF PAYMENT. Otherwise the latter can enforce the payment of the note to himself, and the fact that the note may recite upon its face that it is payable at a particular office does not make the proprietor of such office the agent of the owner of the note, unless the owner has deposited the note with such proprietor for collection or otherwise held him out as agent.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz,* Judge.

REVERSED.

*Geo. R. Lockwood, Wm. G. Pettus* for appellant.

(1) The Central Trust Company was not the agent of defendant to receive payment of the interest or coupon note due December 1, 1893, and therefore the payment made by plaintiff to that company in November, 1893, was not a payment of the coupon or interest note in dispute. Jones on Mortgages (1 Ed.), p. 964; Ferneau v. Whitford, 39 Mo. App. 311; Sharp v. Knox, 48 Mo. App. 169; Ridge v. Olmstead, 73 Mo. 578; Meachem on Agency (1889 Ed.), sec. 37. (2) Plaintiff has sued the wrong person. His cause of action, if any he has, is against the trustee for paying from the proceeds of the sale of the mortgaged farm the interest note in dispute. (3) There can be no recovery in this case because the suit was prematurely brought. Jennings v. Jennings, 48 Mo. App. 528; Turk v. Stahl, 53 Mo. 437; Heard v. Ritchey, 112 Mo. 516.

*James H. Whitecotton* and *Thomas P. Bashaw* for respondent.

(1) Direct and positive evidence showing a contract of agency is not essential to establishing the fact of such relation; but an agency must be taken as legally proven when it is a reasonable and just inference from all the facts and circumstances in the case. Nor are express words necessary to create an agency, but it may be implied from the conduct and acquiescence of the principal. Sharp v. Knox, 43 Mo.

App. 169; Cummings v. Hurd, 49 Mo. App. 139.   (2) A
party dealing with an agent has a right to rely in good faith
upon the authority of the agent, and it is not material whether
the agency is general or special.   McNichols v. Nelson, 45
Mo. App. 466; Sharp v. Knox, 48 Mo. App. 169; McLachlin
v. Baker, 64 Mo. App. 511.

BOND, J.—On the twelfth of May, 1891, plaintiff ap-
pointed a corporation known as the Wilson & Toms Invest-
ment Company his agent to procure a loan of $8,000, to be
secured by a deed of trust on his farm in Monroe county,
Missouri, agreeing to pay for such service $320, which he
authorized the said agent to deduct out of the amount to be
borrowed.   Thereupon on the twenty-fifth day of May, 1891,
the Wilson & Toms Investment Company took the notes of
plaintiff, one for $8,000, payable in five years, and ten semi-
annual interest notes of $240 each, due respectively at suc-
cessive intervals of six months from date.   The payee in
each one was Leonard a member of the corporation, and the
place of payment designated the office of said corporation,
and also caused plaintiff to execute a deed of trust on his
farm to Mr. Toms, another member of said corporation, for
the purpose of securing the payment of said notes.   These
notes were immediately indorsed without recourse and deliv-
ered to defendant who had theretofore agreed, upon a favor-
able report as to the title of the property conveyed in the deed
of trust, and the guaranty of the loan by the Wilson Toms
Investment Company, to take the loan.   In a few days after
this transaction was consummated the Wilson Toms Invest-
ment Company disposed of its assets to a new corporation,
which also assumed its liabilities, known as the Central Trust
Company.   To this latter corporation plaintiff sent drafts for
the payment of the semiannual interest notes as they fell due.

The proceeds of the drafts so received the Central Trust Company paid over to defendant and received from him in exchange the interest note so discharged, whereupon the Central Trust Company stamped interest note paid, and forwarded it to the plaintiff. This was continued until a draft was sent by plaintiff to the Central Trust Company wherewith to pay the semiannual interest note maturing December, 1893. The proceeds of this draft the Central Trust Company retained and did not apply to defendant for the interest note maturing at that date, notwithstanding which plaintiff in May, 1894, forwarded to said Central Trust Company another draft to pay the interest note then maturing. About that time plaintiff received a telegram from defendant informing him that he was the owner of all of the notes executed for this loan, and that neither the interest coupon maturing in December, 1893, nor that maturing the first of June, 1894, had been paid, and further informing plaintiff that the Central Trust Company had assigned, and if he had remitted anything to that corporation "he had better see about it." By a subsequent arrangement the assignee of the Central Trust Company paid over to defendant the amount of the draft which he had received wherewith to pay the interest note maturing June 1, 1894. After the maturity of the principal note defendant assigned it, together with unpaid semiannual interest notes, to one Marvin a nonresident, who on the twenty-fourth day of April, 1899, caused a foreclosure of the deed of trust. Among the items paid by the trustee of the proceeds of such foreclosure was the interest note maturing December 1, 1893. The present action was begun on the eighteenth of March, 1898, and is for the recovery of the proceeds of the draft for $240 sent by plaintiff to the Central Trust Company to be applied by it in payment of the semiannual interest note maturing December 1, 1893.

The cause was submitted to the court. Defendant's instruction in the nature of a demurrer to the evidence was refused, judgment rendered against him, from which he appealed to this court.

1. We think the learned circuit judge committed manifest error in refusing the declaration of law requested by defendant at the close of the trial to the effect that under the pleadings and evidence the plaintiff was not entitled to recover. Plaintiff's theory of his right to recover is that he *paid* to the *agent* of defendant the amount of the interest note belonging to defendant which fell due in December, 1893, notwithstanding which defendant assigned said interest note for value to a stranger in 1896, who collected the sum due on said interest note upon a foreclosure and sale of the property conveyed by plaintiff as a security for the loan. The foreclosure sale took place on the —— day of April, 1899. The present action was begun in March, 1898. When this suit was brought plaintiff, *according to his own theory*, had paid the interest note maturing December, 1893, by sending the amount due thereon to defendant's agent. If this theory were true, then plaintiff at once became entitled to a surrender and cancellation of the paid note. He certainly did not become entitled to recover back the money which he had sent in payment of the note, nor was he entitled to recover the sum at the date of the institution of this suit, which was begun more than one year before the note in question (according to plaintiff's contention) was paid a second time. For it can hardly be reconciled with elementary principles of law to hold that, by his antecedent suit, plaintiff might recover upon a subsequent cause of action. This disposes adversely of plaintiff's right to recover in this action, even if his theory that he paid said interest note by sending the amount thereof to the authorized agent of defendant, could be maintained. But

we do not think there is any substantial evidence in the record
before us that the party to whom plaintiff made the remit-
tance in payment of the note was at the time the agent of de-
fendant for the collection of said note.    It is not claimed that
any such express or direct authority was conferred upon the
Central Trust Company by the defendant, nor is there any
evidence in this record that defendant at any time placed
in the hands of that corporation for collection any of the notes
which he held against plaintiff.    On the contrary, the clear
and accordant testimony of the witnesses for plaintiff is, that
he only delivered to it those notes which had first been paid
and discharged while in his hands.    Unless, therefore, an
inference of agency on the part of the corporation to collect
the notes in the hands of the defendant arose from the fact
that the notes recited the office of the Central Trust Company
as the place of payment, there is no evidence of such author-
ity.    If the maker of a negotiable note transferred in due
course of trade (as in this case), pays it to any person other
than the owner, he must be able to show that the person to
whom the payment was made was the real or ostensible agent,
for collection, of the true holder of the paper, otherwise the
latter can enforce the payment of the note to himself, and the
fact that the note may recite upon its face that it is payable at
a particular office does not make the proprietor of such office
the agent of the owner of the note, unless the owner has
deposited the note with such proprietor for collection or other-
wise held him out as agent.    Cummings v. Hurd, 49 Mo.
App. loc. cit. 146 and cases cited; Bank v. Ins. Co., 145 Mo.
127; Adams v. Hackensack, etc., Co., 44 N. J. Law 638;
Calanan v. Williams, 71 Iowa 363; Klindt v. Higgins, 95
Iowa 529; St. Paul Nat. Bank v. Cannon, 46 Minn. 95;
First Nat. Bank v. Chilson, 45 Neb. 257; Stiger v. Bent, 111
Ill. 328; Cheney v. Libby, 134 U. S. loc. cit. 83.    Applying

these principles of law, it follows that the plaintiff could not have recovered in this case, even if his suit had not been prematurely brought.

From what has been said it follows that the judgment in this case must be reversed.    All concur.