ELIZABETH DODGE, RESPONDENT, *v.* A. BIRKEN-
FELD, APPELLANT.

[Submitted June 23, 1897. Decided July 10, 1897.]

*Mortgage—Payment.*

Payment of a negotiable note, secured by a mortgage, and transferred before maturity, can be made only to the holder thereof or his agent; and payment to the original mortgagee or his agent does not discharge the mortgage, although the assignment of the mortgage is not of record at the time of payment.

*Appeal from District Court, Lewis and Clarke County. H. R. Buck, Judge.*

The plaintiff, Elizabeth Dodge, sued the defendant, A. Birkenfeld, to recover the amount of a promissory note, dated at Helena, Montana, October 6, 1890, and due October 6, 1893, made by George H. Pew, in favor of M. Bolles & Co., and interest thereon, and for judgment in foreclosure of a mortgage given by said George H. Pew and wife to M. Bolles & Co., and assigned to plaintiff.

The defendant, Birkenfeld, answered, pleading payment and satisfaction, and setting forth that he had purchased the mortgaged premises on November 1, 1890, and received a deed therefor from Pew and wife; that he notified Wallace & Thornburgh, of Helena, agents of the owner, and holder of said note and mortgage, of his purchase of the property, and on April 14, 1891, paid to said Wallace & Thornburgh, agents as aforesaid, the whole amount due on said note and mortgage, and that at the time of said payment Bolles & Co. appeared to be the owners of the mortgage; that Wallace & Thornburgh gave to defendant a receipt for the amount of his payment, and subsequently, on July 18, 1891, as agents of Bolles & Co., Wallace & Thorburgh placed on record a duly-executed satisfaction of the Pew mortgage.

In reply to defendant's answer, plaintiff denied payment, and alleged that the satisfaction of the mortgage was a forgery.

Upon the trial the court refused to submit to the jury the testimony introduced by the defendant, offered to show that Bolles & Co. were the agents of the plaintiff in relation to the mortgage and note, and that Wallace & Thornburgh were their subagents, on the ground of the insufficiency thereof. Judgment was entered in favor of the plaintiff. Defendant moved for a new trial, which was denied him; and from the order denying the same, and from the judgment, defendant appeals. Affirmed.

*A. C. Botkin* and *M. Bullard*, for Appellant.

*Arthur J. Craven*, for Respondent.

PER CURIAM.—It appears from the testimony that the plaintiff, Mrs. Dodge, a resident of Essex, Mass., on March 5, 1891, bought the note and mortgage sued on, from M. Bolles & Co., of Boston, for $1,200, and on that day received a formal written assignment of said note and mortgage, all of which were delivered to her by Bolles & Co. Mrs. Dodge deposed that the note, mortgage, and interest coupon therewith were actually in her possession from the day she bought them until some time in April, 1893, when she sent them to Bolles & Co., to be by them forwarded to Helena, Montana, for collection. After Bolles & Co. transmitted the papers to Helena, Mrs. Dodge communicated directly with her counsel in that city. She knew nothing of Wallace & Thornburgh, and had no knowledge of any attempted satisfaction of the mortgage in Montana. The record also shows that in November, 1890, the defendant, Birkenfeld, purchased from one Pew and wife the real estate described in the mortgage involved, and received a deed therefor. Mr. Birkenfeld notified Wallace & Thornburgh, whom he honestly believed were the agents of the owner and holder of the Pew mortgage and note, of his purchase; and on April 14, 1891, he paid Wallace & Thornburgh the whole amount of the Pew note and mortgage, intending to free the property of the mortgage lien, which at that time appeared to be owned by

M. Bolles & Co.   Wallace & Thornburgh gave Birkenfeld a receipt for his money, and on July 18, 1891, delivered to him a written satisfaction of the mortgage, signed by Bolles & Co.

The point involved was whether payment by Birkenfeld to Wallace & Thornburgh was payment to plaintiff.

The court directed the order of proof, and required the appellant to first produce his evidence tending to prove that M. Bolles & Co. were the agents of plaintiff and respondent, before presenting evidence of any agency between M. Bolles & Co. and Wallace & Thornburgh.   This ruling was evidently made to simplify the conduct of the trial, for plainly, if the evidence to prove that Bolles & Co. were plaintiff's agents was not sufficient to go to the jury, testimony tending to show an agency between Wallace & Thornburgh and Bolles & Co. was immaterial and of no consequence at all.

The case was accordingly tried upon the foregoing theory, and, without reciting the testimony offered, we think it was correctly determined that the defendant had failed to present any evidence from which a jury could reasonably infer that Bolles & Co. were plaintiff's agents, either to receive payment of the note or to accept from Birkenfeld or any one else the amount due by Pew two years and a half prior to the date of the maturity of the note.

As we have said, the relations that existed between Wallace & Thornburgh and Bolles & Co. did not effect Mrs. Dodge, for they were not her agents, except, possibly, to transmit the papers to Montana for collection, but with no other power at all.   The note to secure payment of which the mortgage was given was negotiable paper, subject to transfer before maturity.   The mortgage followed the note.   It therefore made no difference whether or not the assignment of the note by Bolles & Co. to Mrs. Dodge was on record.

The case is easily decided by the controlling principle that a person dealing with one who assumes to be the agent of another is bound to ascertain the scope of such person's authority; otherwise, he acts at his peril.   Mr. Birkenfeld dealt with Wallace & Thornburgh at his own risk.   It was a most

incautious act for him to pay them the amount of the note not yet due, without demanding of and receiving at their hands the note itself, all on the assumption that they were the agents of the owners of the paper.

In *Smith* v. *Kidd*, 68 N. Y. 130, it is said by the court: "If money be due on a written security, it is the duty of the debtor, if he pays to an agent, to see that the person to whom he pays it is in possession of the security; for, though the money may have been advanced through the medium of an agent, yet, if the security do not remain in his possession, a payment to him will not discharge the debtor."

The case is one of considerable hardship upon Mr. Birkenfeld, who must pay over again; but, for ought that appears in the record, it might be much more of a hardship to deny to Mrs. Dodge her right to recover the money she paid for the mortgage. Both principal parties are innocent. The only difference in their respective attitudes before the court is that Mrs. Dodge was not imprudent in the management of her interests, while Mr. Birkenfeld was in his      er the circumstances of the case, the law is that defendant should lose by the unfaithfulness of Wallace & Thornburgh, rather than that plaintiff should.

We find no error in the record, and must affirm the judgment.

*Affirmed.*

Buck, J., disqualified.