(May 16, 1901.)

## MORGAN v. NEAL.

[65 Pac. 66.]

AGENCY—ESTOPPEL.—Where a party purchases a promissory note, and permits the payee thereof to collect all interest as well as the principal, and fails to notify the maker of such note of his owner-ship, he is estopped from denying agency after the note has been fully paid. The question of agency is a proper one under suffi-cient instructions to be submitted to the jury.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Griffiths & Griffiths, for Appellant.

The nature and character of a contract are to be determined by the law of the place intended by the contracting parties; and in the absence of an expressed intention to the contrary it will be deemed that the law of the place where the contract was made was so intended. (*New England Mortgage Security Co. v. Vader,* 28 Fed. 265; *Courtois v. Carpentier,* 1 Wash. C. C. 376, Fed. Cas. No. 3,286; Daniel on Negotiable Instruments, 3d ed., pars. 903-907; Tiedeman on Commercial Paper, secs. 409, 507, 508; Story on Promissory Notes, Perry's ed., sec. 168; Randolph on Commercial Paper, sec. 47.) The question of negotiability of the notes in this case must be determined by the law of Colo-rado. (*Carpenter v. Longan,* 16 Wall. (U. S.) 271; *Fassett v. Mulock,* 5 Colo. 466; *Kiskadden v. Allen,* 7 Colo. 206, 3 Pac. 221; *Crocker v. Burns,* 13 Colo. App. 54, 56 Pac. 199; *Frost v. Fisher,* 13 Colo. App. 322, 58 Pac. 872; *Hunter v. Clarke,* 83 Ill. App. 100; *Shaw v. Camp,* 160 Ill. 425, 43 N. E. 608; *Beatty v. Western College,* 177 Ill. 280, 69 Am. St. Rep. 242, 52 N. E. 432; *Bristol v. Warner,* 19 Conn. 7, 14 Pac. 787; *Crossmore v. Page,* 73 Cal. 213, 2 Am. St. Rep. 789; *De Hass v. Roberts,* 59 Fed. Rep. 853; *Roberts v. Snow,* 27 Neb. 425, 43 N. E. 241; *Merrill v. Hurley,* 6 S. Dak. 592, 55 Am. St. Rep. 859, 62 N. W. 958; 4 Am. & Eng. Ency. of Law, 2d ed., 92.) Authority to receive payment on a note is a special authority, and from it

cannot be implied authority to extend or shorten the time of payment. (Mechem on Agency, sec. 380; *Fellows v. Northrup,* 39 N. Y. 121; *John Stuart & Co. v. Asher,* 15 Colo. App. 403, 62 Pac. 1051; *Campbell v. Hassell,* 1 Stark, 233; *Paruther v. Gaitskell,* 13 East, 437; *Thompson v. Elliott,* 73 Ill. 221; *Smith v. Hall,* 19 Ill. App. 17; 1 Am. & Eng. Ency. of Law, 2d ed., 1029.) As there was no conflict in the evidence which was claimed to have established agency, it was error for the court to submit it to the jury. (*Lester v. Snyder,* 12 Colo. App. 351, 55 Pac. 614; *Gulick v. Grover,* 33 N. J. L. 463, 97 Am. Dec. 728; 1 Am. & Eng. Ency. of Law, 2d ed., 967; 2 Ency. of Pl. & Pr. 405, and note.)

.W. E. Borah, for Respondent.

A party who in good faith makes payment upon a promissory note to one whom he has reason to believe is the authorized agent of the holder thereof, and whose acts in receiving such payments have come to the knowledge of the holder and have not been repudiated by him, cannot be held for the money so paid to the agent. (*Quinn v. Dresbach,* 75 Cal. 159, 7 Am. St. Rep. 138, 16 Pac. 762; *Simon v. Brown,* 38 Mich. 552.) A single act of an assumed agent and as single recognition of his authority by the principal if sufficient unequivocal, positive and comprehensive in their character, may be sufficient to prove agency to do other similar acts. (*Wilcox v. Company,* 24 Minn. 269; *Sax v. Drake,* 69 Iowa, 760, 28 N. W. 423; *Wilcox v. Carr,* 37 Fed. 130; Mechem on Agency, secs. 83, 84; *Farmers' Co. v. Bank,* 16 N. Y. 125-145, 69 Am. Dec. 678, and note; *Bronson v. Chappell,* 79 U. S. 681; *Garner v. Fisher Co.,* 6 Utah 332, 23 Pac. 755.) The previous course of dealing by or through an agent is proper evidence for the jury as tending to show the existence of an agency and its extent. (*Doan v. Duncan,* 17 Ill. 272; Mechem on Agency, sec. 106; *New England Co. v. Gay,* 33 Fed. 636; *Roberts v. Peppell,* 55 Mich. 367, 21 N. W. 319.) That this note and trust deed, being executed contemporaneously, must be construed together, and that, so construed, this note is non-negotiable, will be found to be supported by the following authorities: *Chapman v. Steiner,* 5 Kan. App. 326, 48 Pac.

607; *Donaldson v. Grant,* 15 Utah, 231, 49 Pac. 779; *Wright v. Shimek,* 8 Kan. App. 350, 55 Pac. 464; *Cabbell v. Knote,* 2 Kan. App. 68, 43 Pac. 309; *Citizens' Nat. Bank v. Piollet,* 126 Pa. St. 194, 12 Am. St. Rep. 860, 7 Atl. 603, 4 L. R. A. 190; *Kennion v. Kelsey,* 10 Iowa, 443; *Dobbins v. Parker,* 46 Iowa, 357; *Roundley v. Arnold,* 60 Mo. 79; *Parker v. American Ex. Bank* (Tex. Civ. App.), 27 S. W. 1071; *McClellan v. Norfolk etc. Co.,* 110 N. Y. 469, 6 Am. St. Rep. 397, 18 N. E. 237; *Bliss v. Young,* 7 Kan. App. 728, 52 Pac. 577; *Wistrand v. Parker,* 7 Kan. App. 562, 52 Pac. 59; *Snyder v. Moon,* 5 Kan. App. 447, 49 Pac. 327.)

STOCKSLAGER, J.—This case is here for review on appeal from the district court of Canyon county, and from an order of said court overruling a motion for a new trial. In the complaint it is alleged: That on the twenty-ninth day of August, 1890, at Denver, Colorado, the defendant made and delivered to the Colorado Security Company his two certain promissory notes, to wit:

"$200.                    Denver, Colo., Aug. 29, 1890.

"On the first day of August, 1895, value received, for money loaned, I promise to pay to the order of the Colorado Security Company $200, with interest on the same at the rate of two per cent per month after due until paid. And I hereby agree that if default is made in the payment of any one of the coupons hereto attached, or any part thereof, and the same shall remain due and unpaid for the period of thirty days, in such case this note, with the interest accrued thereon, shall, at the option of the legal holder hereof, become due and payable, and may be demanded and collected immediately, anything herein contained to the contrary notwithstanding according to the tenor of a certain deed of trust bearing even date herewith given by Horace E. Neal to Henry J. Aldrich, trustee, payable at the office of the Importers' and Traders' National Bank, New York City.

"HORACE E. NEAL."

Indorsed as follows: "C. S. Loan No. 1,703, $200. Mortgage Note. Horace E. Neal to Henry J. Aldrich, trustee. Dated August 29, 1890. Due August 1, 1895. Pay to the or-

der of ——, without recourse. The Colorado Security Co., by N. J. Morich, President. The Colorado Security Co., Denver, Colo."

The second note is for eight dollars being the semi-annual interest on the $200 note, and is indorsed on back as follows: "Pay to the order of ——, without recourse. The Colorado Security Co., Denver, Colo." That plaintiff is the owner and holder of said notes, for a valuable consideration before maturity of said notes, in the ordinary course of business. That defendant has not paid said notes, or either of them, or any part thereof. Then follows demand for judgment against the defendant for amount of both notes and interest thereon from August 1, 1895. The defendant in his answer admits the execution and delivery of the notes. On information and belief, denies that the plaintiff is the owner or holder of them, or either of them, for a valuable consideration or before maturity, or in the ordinary course of business or at all. Alleges that prior to the commencement of this suit he had fully paid and satisfied both of said notes, and that such payment was to the owners and holders thereof. Upon the issues thus framed this cause was tried, and a verdict of the jury returned in favor of the defendant for his costs.

Counsel for appellant assign error as follows: "1. The ruling of the court at the trial admitting evidence intended to prove lack of notice on defendant's part as to ownership and possession of the notes; admitting evidence intended to prove payment to one, without first proving or offering to prove authority on the part of that one to receive payment; giving improper instructions and refusing to give proper instructions to the jury. 2. The action of the court in submitting the fact of agency to the jury on evidence altogether consistent, and in no particular conflicting."

The record discloses the following undisputed facts in this case: 1. Horace E. Neal executed and delivered the two promissory notes in controversy to the Colorado Security Company, of Denver, Colo.; 2. Said Horace E. Neal paid each of said coupons as they fell due, all payments being made to said Colorado Security Company; 3. That the plaintiff (appellant) neither personally nor through her agent ever notified defendant (respond-

ent) that she was the owner and in possession of said notes; 4. That all coupons, after payment by respondent, were returned to him indorsed "Paid" by Henry J. Aldrich, president of the Colorado Security Company of Denver Colorado; 5. That the note for $200 was paid by respondent before maturity, and was also paid to Henry J. Aldrich, president of the Colorado Security Company of Denver, Colorado.

It is urged by counsel for appellant that the indorsement on the back of the notes was sufficient to put the respondent on inquiry as to who was the real owner of the notes in controversy, and that when he paid the coupons and the notes he did it at his own risk, and should now be held to respond to the appellant in the amount she alleges to be due her on said notes, notwithstanding the fact that he has fully paid all he contracted to pay in the obligations sued on, and to the party with whom he made the contract. The record does not disclose that respondent was ever notified by appellant, or anyone for her, that she was the owner of said notes, or that he was ever notified by any one that the notes had passed from the possession of the original payee of said notes. All payments were made through the original payee of said notes, and final payment of said notes was made through the same channel, and the notes returned to respondent. Respondent testifies that he had no knowledge or information that appellant was the owner of said notes until long after he had made final payment thereof. From all these facts admitted by the pleadings and shown by the record, it seems clear to us that, if appellant was the owner of these notes (and we are satisfied from the record she was), she is estopped from denying the agency of the Colorado Security Company, and this is certainly true where it is shown that respondent acted in good faith in all payments. The old equity rule that where two parties are at fault, and one must lose, the one most at fault should suffer the loss, is applicable in this case. We think the rule of agency is correctly stated in *Quinn v. Dresbach,* 75 Cal. 159, 16 Pac. 762. The syllabus says: "A party who in good faith makes payments upon a promissory note to one whom he has reason to believe is the authorized agent of the holder thereof, and whose acts in receiving such payments have come to the knowledge of

the holder, and have not been repudiated by him, cannot be held for the money so paid to the agent." Applying this rule to the case at bar we find that respondent had made all payments to the party with whom he made his contract, received all coupons indorsed "Paid," and finally the original notes were returned to him indorsed "Paid," these payments covering a period of over four years. (*Sax v. Drake,* 69 Iowa, 760, 28 N. W. 423; *Wilcox v. Railroad Co.,* 24 Minn. 269.)

We have examined the instructions given to the jury by the court to which counsel for appellant took exceptions, as well as those requested by appellant and refused by the court; and we find no error in either giving the instructions complained of, or refusing to give the instructions as requested by appellant.

In our view of the case, it is unnecessary for us to pass upon the question of the negotiability of these notes. It is immaterial in this case, as the opinion disposes of the right of the appellant to recover from respondent. The judgment of the trial court is affirmed, with costs.

Quarles, C. J., and Sullivan J., concur.