(February 9, 1905.)

## PENNYPACKER v. LATIMER.

[81 Pac. 55.]

ASSIGNMENT OF MORTGAGE—FORECLOSURE OF MORTGAGE—PAYMENT—
AGENT—ESTOPPEL.

1. Where B. executed a mortgage to the B. & E. Investment
Company, and the company thereafter assigned the same to P.,
with a contract binding the company to pay interest installments
and principal promptly when due, and agreeing not to foreclose
the mortgage for two years after the same became due, and giv-
ing the company the right to repurchase said note and mortgage
at any time, and collected nine interest installments covering a
period of about five years through said company, and delivered
the coupons therefor to the mortgagor through said corporation,
and neglected to file its assignment of said mortgage for record
in the proper county, and failed and neglected to notify the mort-
gagors of such assignment, *held*, that under those facts the said
B. & E. Investment Company was the agent of P., and that the
payment of said principal debt and interest to the B. & E. Invest-
ment Company was a payment to P.

(Syllabus by the court.)

APPEAL from the District Court of Ada County. Honor-
able George H. Stewart, Judge.

Action to foreclose a mortgage. Judgment for defendant.
Affirmed.

Richards & Haga, for Appellant.

Payment of a bill or note should be made to the legal owner
or holder thereof, or to the holder's general agent for the collec-
tion of such papers, or to someone having special authority to
collect in the particular instance, and proof of authority to a
person to collect interest does not authorize him to collect the
principal. (*University Bank v. Tuck,* 96 Ga. 465, 23 S. E.
467; *Bronson v. Ashlock,* 2 Kan. App. 255, 41 Pac. 1068; 2
Daniel on Negotiable Instruments, 5th ed., sec. 1230; *Cum-
mings v. Hurd,* 49 Mo. App. 139; *Smith v. Kidd,* 68 N. Y. 130,
23 Am. Rep. 157; *Dodge v. Birkenfeld,* 20 Mont. 115, 49 Pac.

590; *Bull v. Mitchell,* 47 Neb. 647, 66 N. W. 632; *Draper v. Rice,* 56 Iowa, 114, 41 Am. Rep. 88, 7 N. W. 524, 8 N. W. 797; *Lester v. Snyder,* 12 Colo. App. 351, 55 Pac. 613; *Barstow v. Stone,* 10 Colo. App. 396, 52 Pac. 48; *Brewster v. Carnes,* 103 N. Y. 556, 9 N. E. 323; *Adair v. Lenox,* 15 Or. 489, 16 Pac. 182; *Kohl v. Beach,* 107 Wis. 409, 81 Am. St. Rep. 849, 83 N. W. 657, 50 L. R. A. 600; *Williams v. Walker,* 2 Sand. Ch. 325.) Where the grantee of a mortgagor who has assumed the payment of a note and mortgage pays the amount due on such note and mortgage to the original mortgagee *before the same becomes due,* but after the assignment of such note and mortgage, and after the mortgagee had parted with the possession thereof, and was without evidence of authority to receive such payment, he does so at his peril, and must bear the loss if the money is embezzled before it reaches the legal owner and holder of the note and mortgage. (*Hollingshead v. Globe Inv. Co.,* 8 N. Dak. 35, 77 N. W. 89, 42 L. R. A. 659; *Murphy v. Barnard,* 162 Mass. 72, 44 Am. St. Rep. 340, 38 N. E. 29; *Biggerstaff v. Marston,* 161 Mass. 101, 36 N. E. 785; *Mulcahy v. Fenwick,* 161 Mass. 164, 36 N. E. 689; *Schultz v. Sroelowitz,* 191 Ill. 249, 61 N. E. 92.) Authority from the holder of a note to an agent to collect and receive the principal and interest of the debt is not authority to collect or receive either the principal or interest before it is due, and the payor is not discharged if money paid before it is due is embezzled by such agent. (*Park v. Cross,* 76 Minn. 188, 77 Am. St. Rep. 630, 78 N. W. 1107; *Schermerhorn v. Farley,* 33 N. Y. St. Rep. 900, 11 N. Y. Supp. 466; *Smith v. Kidd,* 68 N. Y. 130, 23 Am. Rep. 157; Jones on Mortgages, 6th ed., sec. 964; *Biggerstaff v. Marston, supra.*) An acknowledgment of satisfaction of a mortgage by a mortgagee after assignment of the mortgage does not affect the rights of the assignee. (*Oregon & Washington Trust Co. v. Shaw,* 5 Saw. 336, Fed. Cas., No. 10,556; 4 Kent's Commentaries, 194; 2 Washburn on Real Property, 129; *McCormick v. Digby,* 8 Blackf. 99.) The burden of showing the existence of an agency is upon the party who alleges it, and to establish agency the evidence must be clear and convincing. (*Schmidt v. Shaver,* 196 Ill. 108, 89 Am. St. Rep. 250, 63 N. E. 655; *Ames v. Murray Mfg. Co.,* 114 Wis. 85,

89 N. W. 836; *Angle v. Manchester* (Neb.), 91 N. W. 501.) The recording of assignment of mortgages was but briefly referred to in appellant's former brief. This question was not urged by respondent in the lower court, and we inferred that her counsel conceded that the statutes did not require the assignment to be recorded, and that the alleged payment could not be justified under any provision of the recording acts of Idaho. From the numerous allusions in the opinion heretofore rendered in this case to the failure of appellant to record his assignment, we infer that the court considered the recording thereof essential under our statutes. We feel justified, therefore, in presenting our views on this question at some length. (*Vanderkemp v. Shelton* (1844), 11 Paige, 29, 37; *Reed v. Marble* (1843), 10 Paige, 413.) The only effect of recording the assignment is to protect the purchaser against the subsequent sale of the mortgage by the apparent holder of it. (*Crane v. Turner,* 67 N. Y. 437; *Van Kueren v. Corkins,* 66 N. Y. 77; *Greene v. Warnick,* 64 N. Y. 220; *Purdy v. Huntington,* 42 N. Y. 334, 1 Am. Rep. 532; *Giling v. Maass,* 28 N. Y. 191; *Curtis v. Moore,* 152 N. Y. 159, 57 Am. St. Rep. 506, 46 N. E. 168.)

Hugh E. McElroy and D. D. Williams, for Respondent.

The respective rights of purchasers under indorsement are considered in American and English Encyclopedia of Law, second edition, under head of "Assignment" and "Bills and Notes." The rule in case of assignment is that the assignee of a non-negotiable chose in action takes the same subject to all equities between the original parties up to the time of notice of assignment. (See 2 Am. & Eng. Ency. of Law, p. 1080, authorities under note 1; 4 Am. & Eng. Ency. of Law, p. 246, under head of "Bills and Notes.") "In a great proportion of cases agency arises, not from the use of express language nor from the existence of a well-defined relation, but from the general conduct of the parties. Where one holds out another as his agent with certain authority, he is liable for his acts on the ground of estoppel, whether he actually intends to be bound or not. So where one with full knowledge allows another to represent him as his agent and remains silent when occasion arises for him to speak, he may be held as principal." (See, also, Mechem on Agency, secs. 83, 84; *Sax v. Drake et al.,* 69 Iowa, 760, 28 N. W. 423; *Wilcox v. Carr et al.,* 37 Fed. 130; *Quinn v. Dresbach,*

75 Cal. 159, 7 Am. St. Rep. 138, 16 Pac. 762.)    "It is impossible to lay down any flexible rule by which it can be determined what evidence shall be sufficient to establish an agency in any given case, but it may be said in general terms that whatever evidence has a tendency to prove the agency is admissible, even though it be not full and satisfactory, as it is the province of the jury to pass on it."    (Mechem on Agency, sec. 106; *New England Co. v. Gay,* 33 Fed. 636; *Roberts v. Peppell,* 55 Mich. 367, 21 N. W. 319; *Bronson v. Chappell,* 79 U. S. (12 Wall.) 681, 20 L. ed. 436; *Garner v. Fisher Co.,* 6 Utah, 332, 23 Pac. 755; *Doan v. Duncan,* 17 Ill. 272.)    In conclusion we respectfully submit: 1. That the plaintiff asserted title only as assignee, using the identical language that ,was used in the case of *Warren v. Stoddart,* 6 Idaho, 692, 59 Pac. 540, which case was reversed by the court on the ground that plaintiff was not indorsee, and that for such reason it was not even necessary that we should prove the agency of the mortgagee but it was incumbent on the appellant to prove that respondent had actual notice that he was owner; 2. We submit that the evidence in this case is sufficient to estop the appellant from denying agency of the mortgagee in collection of his debt, and this wholly independent of any question as to the legal effect of recording or nonrecording the assignment; 3. If it be necessary to construe the law in relation to recording assignments of mortgages as the same affects payments made by the debtor to mortgagee, then the construction placed on section 2809, Revised Statutes of 1901, in case of *Van Keuren v. Corkins,* should be followed.

SULLIVAN, J.—The appellant, who was plaintiff, brought this action as assignee of a negotiable promissory note and mortgage securing the payment of the same, to foreclose said mortgage and to collect the amount due, on said promissory note. The following facts appear from the record.    That on the first day of March, 1897, James F. and Sarah M. Belk were the owners of lot 9 in block 48, Boise City, and on that date made application to the Bunnell & Eno Investment Company, a corporation, to negotiate for them a loan of $850 on said lot. In that application the Belks constituted said corporation their agent for the purpose of negotiating said loan and agreed to pay them a commission of $141.65 for such services; that on the first day of June, 1897, said Belks executed to said company the

note and mortgage sued on herein, which became due March 1, 1902. The sum of money so borrowed was duly paid to the mortgagors. On June 21, 1897, said corporation transferred said note and mortgage to the appellant who paid said corporation the full amount of principal and interest on said note. The corporation, at the same time, executed and delivered to appellant a written guaranty guaranteeing the payment of the interest on said note as the same became due, and also guaranteed the payment of the principal when it became due, and also reserved to itself the right to repurchase said mortgage, and the appellant stipulated therein that for two years after the maturity of said note he would not foreclose the mortgage, or if he did so he would forfeit all claim on the mortgagee; that said note and mortgage with said guaranty and other papers relating to said loan were delivered to appellant and remained in his possession, or in the possession of his attorney, continually thereafter until after the commencement of this action, except the interest coupons, which were delivered to the said Bunnell & Eno Investment Company as the interest from time to time was paid; that in March, 1901, the Belks sold said premises to the respondent who assumed the payment of the mortgage as a part of the consideration for the premises; that about August 14, 1901, the respondent remitted directly to said corporation the full amount of principal and interest that would become due on March 1, 1902, the date when said note became due, and thereupon said corporation executed a release of said mortgage and delivered it to the respondent. Said corporation failed to pay said money over to the appellant, but embezzled the same, as such corporations have so frequently done, and failed, and went into a receiver's hands, and had its secretary appointed receiver.

It is contended by counsel for appellant that said insolvent corporation was the agent of the mortgagors and not the agent of the appellant in receiving the money in full payment of said debt. If that be true, said note has not been paid. It appears from the record that the attorney for the appellant was well acquainted with the president and vice-president of the Bunnell & Eno Investment Company, and had his office in the city of Philadelphia in the same building where said corporation had its office; that said attorney had sold more than fifteen million dollars' worth of obligations similar to the one involved in this

case for said corporation, and had uniformly advised his clients against recording the assignments of such obligations or mortgages from said corporation, and had neglected to notify the mortgagors of such assignments and had constantly done all of the business of collecting the interest and principal upon such obligations through said insolvent corporation. And said attorney testified that he was of the opinion that the Bunnell & Eno Investment Company was the agent of the mortgagors, and that that opinion was based on the original application of the said Belks for a loan, that being the very first paper in the transaction. We will observe here that that application did constitute said corporation the agent of the Belks for the purpose of procuring said loan, and nothing more. It appears from the record that it procured said loan of and from itself and charged the Belks $141.65 for inducing itself to make the loan to the Belks of $850. Said attorney nor anyone else notified said Belks that said note and mortgage had been transferred until the fifteenth day of March, 1902, that being after said note and mortgage had become due and after said insolvent corporation had passed into the hands of its own treasurer as its receiver, and after said debt had been paid to said corporation and a release of said mortgage had been executed by said corporation and delivered to respondent. Said attorney testified at the trial that he thought it was eminently proper that the mortgagor should be informed that said corporation had become insolvent, and that he did notify them of that fact a long time after said mortgage and interest had been paid in full. If the attorney had only concluded that it was *eminently proper* that the mortgagor should have been informed that the Bunnell & Eno Investment Company had assigned said claim to his client, this information would no doubt have saved the bringing of this action and also have saved his client the loss of his money. Instead of receiving said interest payments through the First National Bank of Butte City, Montana, where they were made payable by said mortgage, he received them through the mortgagee, and instead of filing for record in the proper county his assignment of said mortgage and notifying the mortgagor of his purchase thereof, under the advice of his attorney, he failed to

do so. By his acts he constituted the Bunnell & Eno Investment Company his agent, to receive the payments of interest and principal as they became due on said note.

Under all of the facts in this case we think it clear that the appellant is estopped from claiming that the Bunnell & Eno Investment Company was not his agent in the collection of the amount due on said note. He purchased said note and mortgage on the twenty-first day of June, 1897. He had a written contract with said corporation whereby it became responsible for the payment of the interest and principal of said note when due, and that said corporation might repurchase said note and mortgage at any time it saw fit to do so, and that the appellant should not foreclose said mortgage within two years after it became due. He failed to record his assignment in the proper county; he failed to notify the mortgagors of such assignment; he accepted through said corporation nine interest payments covering a period of four years, and delivered the nine interest coupons therefor to the mortgagor, and these facts, in connection with others disclosed by the record, estopped the appellant from claiming that said corporation was not his agent. We have not overlooked the doctrine laid down in *Hollingshead v. Globe Ins. Co.*, 8 N. Dak. 35, 77 N. W. 89, 42 L. R. A. 659, *Bronson v. Ashlock*, 2 Kan. App. 255, 41 Pac. 1068, *Schultz v. Sroelowitz*, 191 Ill. 249, 61 N. E. 92, *Biggerstaff v. Marston*, 161 Mass. 101, 31 N. E. 785, and *Dodge v. Birkenfeld*, 20 Mont. 115, 49 Pac. 590, and other authorities cited. The doctrine of those cases is not applicable to the facts in this case. We are fully satisfied that the appellant is not entitled to recover against the defendant but must look to his agent, the defunct Bunnell & Eno Investment Company. The judgment is affirmed with costs in favor of the respondent.

Stockslager, C. J., and Ailshie, J., concur.