(No. 4940. September 28, 1928.)

FRED B. NIELSON, Appellant, v. CARL WESTROM, Respondent.

[270 Pac. 1054.]

H. B. Thompson, for Appellant.

R. W. Jones and D. Worth Clark, for Respondent.

BRINCK, Commissioner.—On July 8, 1922, defendant executed and delivered to E. C. White his promissory note for $2,000, due two years after date, together with a mortgage upon real estate securing said note. The note was negotiable in form. White thereafter, on or about January 16, 1923, sold and transferred the note to plaintiff by indorsement, the indorsement including a simple guaranty. At the same time the mortgage was assigned to plaintiff and both

note and mortgage were thereupon delivered to plaintiff and have ever since been retained by him; and the assignment was recorded a few days thereafter. The note provided for quarterly payments of interest and these payments were regularly made by defendant at the office of E. C. White & Company, being the place specified in the note for payment thereof, the payments being made to White. After the note was transferred to plaintiff, interest payments continued, being made in the same manner as before, and were turned over by White to plaintiff as collected. On October 14, 1924, defendant paid to White, in addition to the interest then accrued, the sum of $1,000 to apply upon the principal, defendant being ignorant of the fact that the note had been transferred to plaintiff. White did not then have possession of the note and defendant did not require its production. White did not turn over to plaintiff the $1,000 so paid by defendant nor inform plaintiff of the payment; and after such payment was made the defendant continued to pay to White the quarterly interest as it matured upon the remaining $1,000. White, however, continued to pay to plaintiff quarterly interest upon $2,000. In July, 1925, White's affairs were placed in the hands of a receiver and plaintiff called upon defendant and told him to pay no more interest to White, and then learned from defendant of the $1,000 payment that had been made the previous October. Thereafter the defendant paid to plaintiff quarterly interest as it accrued upon the $1,000 under the express agreement, contained in the receipt therefor, that payment and receipt of such interest should be without prejudice to the rights of either party respecting the note and mortgage. This suit is brought to foreclose the mortgage for the full amount of $2,000 and the unpaid interest accrued thereon. Defendant tendered $1,000 into court with interest accrued upon that amount. The trial court found that White had received the payment of principal as agent for plaintiff and rendered judgment for defendant, from which judgment this appeal is taken by plaintiff.

A consideration of the finding mentioned will dispose of the case without considering the other errors assigned.

The defendant does not contend that the note was non-negotiable by reason of its being secured by mortgage. It is well settled that when a note is negotiable, payment to a person who is not in possession of the paper is wholly at the risk of the payor; he assumes the burden of proving that the party to whom he pays the money is the owner of the paper, or the authorized agent of the owner to receive the money for him, and this is so though payment be made to the payee, as he may not then be the legal owner of the note. (2 Daniel on Negotiable Instruments, 6th ed., p. 1381, sec. 1227; 3 R. C. L., p. 1288, sec. 521; *Hollinshead v. John Stuart Co.* (on rehearing), 8 N. D. 35, 77 N. W. 91, 42 L. R. A. 659; *Smith v. Jarman*, 61 Utah, 125, 211 Pac. 962; *Chase v. Commerce Trust Co.*, 101 Okl. 182, 224 Pac. 148; notes, 29 L. R. A., N. S., 577, 41 L. R. A., N. S., 462; and see 2 Jones on Mortgages, 8th ed., secs. 1220, 1228.)

Defendant here did not require production of the note. It was not in the possession of the original payee to whom he paid the money, and he can prevail only if the evidence established actual or ostensible authority in White to collect the principal. There is no evidence tending to establish such agency other than the fact that White did collect the interest as it accrued, and that such acceptance by White was acquiesced in by plaintiff. This court has recently held that a mere showing of authority in an agent to collect interest is not sufficient to establish agency to collect the principal of the note. (*Whalen v. Vallier, ante,* p. 181, 266 Pac. 1089.) The evidence was therefore insufficient to support the finding of the court that White when collecting the principal acted as agent for the plaintiff.

Defendant urges that in *Morgan v. Neal,* 7 Ida. 629, 97 Am. St. 264, 65 Pac. 66, and *Pennypacker v. Latimer,* 10 Ida. 618, 81 Pac. 55, this court held similar facts to show agency in the payee to collect a note after its assignment. But in *Morgan v. Neal* the original payee to whom the

principal was paid was apparently in possession of the note, for it was returned to the maker upon payment; and in *Pennypacker v. Latimer* the question of agency was expressly eliminated and the court held the assignee of the note estopped to deny the payee's agency to receive the principal because of a special contract of guaranty accompanying the assignment and containing provisions which were held to indicate that it was the intention of the parties that the payee should continue to collect both interest and principal.

Nor does the fact that the note was made payable at the office of the original payee, standing alone, constitute such payee the agent of the holder to collect the note. (*Hoffmaster v. Black*, 78 Ohio, 1, 125 Am. St. 679, 14 Ann. Cas. 877, 84 N. E. 423, 21 L. R. A., N. S., 52, and note; and see *Whalen v. Vallier, supra.*)

Respondent further relies upon the fact that in the July, 1925, conversation, when plaintiff first learned of the $1,000 payment, he accepted from defendant a check for the interest then accrued upon the remaining $1,000 of the note, respondent contending that plaintiff thereby ratified the act of White in receiving payment of the portion of the principal. But plaintiff on the same day returned the check to defendant and the payment was later received by him under the receipt hereinbefore mentioned reciting that its payment and acceptance were without prejudice to the rights of either party respecting the note and mortgage. We think this cannot be held to show ratification of White's act.

We recommend that the judgment be reversed, with directions to the trial court to compute the interest accrued to this date and unpaid upon the whole amount of the note, fix attorney's fees, and enter judgment of foreclosure for the plaintiff for the amount of the note plus such interest and attorney's fees. Costs to appellant.

Varian and Baker, CC., concur.

The foregoing is approved as the opinion of the court and the judgment is reversed, with instructions to the trial court to compute the interest accrued to this date and unpaid upon the whole amount of the note, to fix attorney's fees, and to enter judgment of foreclosure for the plaintiff for the amount of the note plus such interest and attorney's fees. Costs to appellant.

Wm. E. Lee, C. J., and Givens and Taylor, JJ., concur.