FRANCES M. RAGATZ, Appellee, v. JOSEPH DIENER et al., Appellants.

No. 41972.

John J. Kintzinger, for appellants.

Walter Koerner, for appellee.

Anderson, J.—On April 21, 1931, this action was brought by the plaintiff-appellee for judgment upon a note and decree of foreclosure of a mortgage securing the same, of which plaintiff claimed to be the owner and holder, and upon which she claims there was a balance due of $1,000, with interest. The defendants-appellants filed answer to the petition of plaintiff, alleging that the balance due upon the note as claimed by plaintiff was paid in full on November 3, 1927, to one O. Meissner, as the agent of the payee named in said note, viz., I. Francis Purdy, and also as the agent of the plaintiff, who claimed to be the owner of said note by an unrecorded instrument of assignment from the payee.

It appears that on March 27, 1923, the defendants borrowed, through O. Meissner, as the attorney in fact of I. Francis Purdy, the sum of $3,500, and secured the payment of the same by the execution of a mortgage upon certain real estate situated in the county of Dubuque, Iowa. On the same day of the execution of the note and mortgage, a written assignment thereof was executed by O. Meissner, as attorney in fact for the payee, I. Francis Purdy, assigning the said mortgage to one Walter Ragatz. The assignment was not filed for record until seven years thereafter, to wit, May 1, 1930. The promissory note evidencing the indebtedness of $3,500 was made payable at the office of the said O. Meissner in the city of Dubuque, who at that time had been engaged in the real estate, abstract, and loan business, in the city of Dubuque, Iowa, for many

years and was so engaged a number of years thereafter. Walter C. Ragatz, the person named in the assignment, died May 6, 1923, and his widow, the plaintiff, was appointed as administratrix of his estate. Meissner, while not an attorney, nevertheless acted as agent or attorney for the plaintiff in the administration of the estate of her husband. She testifies that she employed Meissner as such attorney. and that he procured her appointment as administratrix, prepared inventory, final report, and in general conducted the business of the estate as would an attorney at law. The plaintiff came into possession of the note and mortgage involved here as the widow and heir of her deceased husband. The plaintiff claims that within a month after her husband's death she saw the defendants, and told them that she held the note and mortgage they had made to I. Francis Purdy, and asked them to pay it or part of it. This testimony is denied by both of the defendants. In connection with this testimony, the fact should. be noted that this was only two months after the note and mortgage had been executed, and that there was nothing due at the time, either upon the principal or interest. Nothing was paid upon the note until September 28, 1923, when a payment was made of $122.50 interest, and $500 on the principal. This payment was made to O. Meissner at his office, and an indorsement appears upon the note showing the payment on that date. The plaintiff admits having received from Meissner this payment. Another payment of $1,000 was made in the same manner on March 10, 1924, and plaintiff also admits having received this money from Mr. Meissner. On April 7, 1924, a further payment was made upon the said note to Meissner, at his office, of $500 on the principal and $105 interest, and the plaintiff admits having received this money from Mr. Meissner soon after it was paid. On October 13, 1924, a further payment of $35, being six months'· interest on a balance of $1,000 due on said note, was made in the same manner, and the plaintiff admits having received this money. Another similar payment of six months' interest was made in the same manner on April 18, 1925, and the plaintiff admits having received this money. Another payment of interest of $35 was made on October 21, 1925, and plaintiff admits having received this payment; and further payment was. made on April 16, 1926, representing six months' interest, and plaintiff admits having received this payment; and plaintiff also admits having received an interest payment upon the note through Mr. Meissner on September 27, 1927.

Other indorsements appear upon the note as follows: "April 7, 1924, balance due on the principal of this note is $1,000.00." "Interest paid to March 27, 1927." "Interest paid to September 27, 1927." "Interest paid to March 27, 1928." During the time the foregoing payments were made upon the note in suit, various other payments including principal and interest were made to O. Meissner upon notes of two other persons; such notes having been assigned, as was the note here involved. The payments thus made upon other obligations were made in a similar manner to the said O. Meissner, and plaintiff admits having received the various payments from Mr. Meissner.

On November 3, 1927, it appears without question that the defendants, Diener, in the same manner in which all prior payments had been made, paid to O. Meissner the balance due upon the said $3,500 note, amounting to approximately $1,000. That at the time of such final payment they demanded the note from O. Meissner, and he stated to them that he wanted to see the payee, I. Francis Purdy, before he surrendered the note. Diener had no notice or knowledge that the mortgage had been assigned or transferred to any one. During all of the time in which the payments we have detailed were made, the defendants received no notice from any one as to the payment of interest or principal other than from O. Meissner, and did not know of the assignment of the obligation until about 1930, at a time after Mr. Meissner had gotten into trouble of some kind, and then plaintiff called upon the defendants demanding the balance due upon the note, and she was advised of the final payment having been made in November, 1927. The note became due March 27, 1926. The plaintiff now claims that Meissner was not her agent and had no authority to collect either the principal or interest on the note in suit. That she did not receive the final payment of $1,000 due upon said note. Upon the foregoing facts the trial court found for the plaintiff and entered judgment against the defendants for $1,275.10, with interest and costs. The defendants have appealed.

It will be noticed that the question for us to determine is wholly one of fact. We have had similar situations presented to us many times. In Sax v. Drake, 69 Iowa 760, 28 N. W. 423, we had a situation of fact not as strong on the question of agency as we have here, and in that case we said:

"In this connection it should be stated that the plaintiff held

the note for years without giving the maker any occasion to mistrust that he held it. As the interest became due from year to year, the maker paid it to Briscoe (the alleged agent), and took Briscoe's receipt, and the plaintiff received the interest from Briscoe. The plaintiff knew perfectly well that the maker supposed that a payment of interest to Briscoe was good, and that he might proceed to pay him the principal when due, unless he was notified to the contrary, which was not done. We have not a doubt that the plaintiff intended to collect the whole note through Briscoe. The evidence is not very explicit as to an express authorization; but the mode in which the plaintiff and Briscoe did business shows, we think, what the understanding was. We think that the payment to Briscoe was a good payment."

In Sioux City Cattle Loan Co. v. Lovrien, 198 Iowa 296, 197 N. W. 914, we had a very similar state of facts before us as in the case at bar, and in that case we held that possession of negotiable paper is not the only legal evidence of authority to receive payment; that the conduct of the holder of such paper may be such as to show that the agent or original payee had express authority to receive payment and such as to induce a reasonable and justifiable belief that the agent or original payee had authority to receive the payment.

In Shoemaker v. Ragland, 202 Iowa 947, 211 N. W. 564, we held that the assignee of a promissory note, who receives payments of principal and interest from an original payee with knowledge that such payments had been made by the makers of the note, impliedly constitutes such payee his agent to receive such payments.

In Carr v. Benjamin, 207 Iowa 1139, 222 N. W. 373, we held that payment of a promissory note to one who is the agent of the owner of the note, even though the note is not produced and surrendered, effects a full discharge of the note.

To the same effect was our holding in Whitney v. Krasne, 209 Iowa 236, 225 N. W. 245. In the last cited case Justice Kindig, speaking for the court, said:

"Of course, each case must be decided upon its own facts. If, at the time in question, the Wallace Company was the agent of the Whitneys for the purpose of receiving the payment, then appellees' debt has been satisfied. Payment by the maker to one who does not have in his possession the notes collected would not, in and of

itself, cast liability upon the former. Although appellees, in such event, acted at their peril, they nevertheless are safe if they can prove that the Wallace Company was in fact the authorized agent of the Whitneys."

Citing Carr v. Benjamin, supra; Bissell v. Spring, 179 Iowa 1005, 162 N. W. 245; Ia. L. & Tr. Co. v. Seaman, 203 Iowa 310, 210 N. W. 937, 212 N. W. 487; McCullough v. Reynolds, 181 Iowa 1089, 165 N. W. 333; Harrison v. Legore, 109 Iowa 618, 80 N. W. 670.

Continuing the opinion, we said:

"Were there nothing else to show the agency, appellants would be correct in their contention. * * * But, as before stated, the record discloses an abundance of evidence to show the agent's authority to make said collection, without considering the fact merely that the note was payable at the Wallace Company office."

In Northwestern Mutual Life Ins. Co. v. Blohm, 212 Iowa 89, 234 N. W. 268, we held that payment of a promissory note by the maker thereof to the note holder's agent works a complete discharge of the note, even though the maker did not receive the surrender of the note when he paid it.

Under the undisputed facts in this case, we are constrained to hold that Meissner, to whom the final payment upon the note in controversy was made, was the agent of the plaintiff, and impliedly, at least, authorized to receive the various payments as made by the defendants, as shown by the undisputed facts in the record. And that the plaintiff in receiving the various payments from Meissner, with knowledge that he was collecting them from the defendants for her, and that she did not object to such course of procedure, that other similar payments on like transactions were made to the said O. Meissner for the plaintiff, must be held to have acquiesced, and by so doing recognized Meissner as her agent in receiving the various payments from defendants. Finding and holding as we do, it follows that the ruling and judgment of the trial court was in error, and the case must be, and it is, reversed and remanded, with instructions to enter order and judgment in accordance with this opinion.—Reversed and remanded.

CLAUSSEN, C. J., and STEVENS, KINDIG, DONEGAN, and ALBERT, JJ., concur.

KINTZINGER, J., takes no part.