## MICHAEL CONNOLLY vs. LUCY CONNOLLY.

## January 20, 1880.

**Estoppel—Judgment—Heir and Administrator.**—S. conveyed to M. and J. each an undivided one-third of certain land, in consideration of their written agreement to pay off a mortgage upon the land by a day named, or, in default of payment, to reconvey to him. M. and J. failed to pay the mortgage, and refused to reconvey. S. having deceased, K., as his administrator, brought an action against M. and J. upon their agreement, praying for judgment that their interest in the land be forever foreclosed, that the title to said undivided two-thirds be decreed to be in the heirs of S., and adjudging that M. and J. have no further claim to said two-thirds, and for other and further relief. Judgment was rendered in favor of M.; but against J. a judgment was rendered by which the interest which he acquired from S., to wit, his title to the undivided third, before mentioned, was decreed to be in the heirs of S., and that he (J.) had no further claim therein whatever. This is an action brought by M. against the heir of S., for partition of the entire tract of land of which the two undivided thirds were conveyed as aforesaid to M. and J. M. owns the undivided third conveyed to him by S. The heir owns the undivided third retained by S. M. claims the other third, viz., that which was conveyed by S. to J., under a deed made to him by J. since the commencement of this action. The heir claims it as heir of S. *Held*, that in this action, as respects such heir, M. is bound by the judgment recovered against J.

Appeal by plaintiff from an order of the district court for Washington county, *Crosby*, J., presiding, determining the interests of the parties in the real estate which was the subject of the action, and directing that partition be made accordingly.

*S. L. Pierce*, for appellant, argued that the judgment mentioned in the opinion did not bind the heir of Samuel Connolly, because it was rendered in a suit brought by the administrator of the latter, between whom and the heir there is no privity; and that the administrator exceeded his powers in bringing the action in which the judgment was rendered; *Paine* v. *First Div., etc., R. Co.*, 14 Minn. 65; 1 Wms. Exrs. 703, 717, 893; and that if the heir is not bound, she cannot use it as an estoppel, for estoppels must be mutual.

*Smith & Hale*, for respondent.

BERRY, J. This is an action for partition. The title to the land of which partition is sought was originally in Samuel Connolly. It is admitted that the plaintiff is owner of one undivided third of the land, by virtue of a conveyance thereof from Samuel Connolly to him, and that the defendant is owner of another undivided third of the same. The controversy is as to the ownership of the remaining undivided third. As to this, it is admitted that if a certain judgment is operative against the plaintiff, the title to it is in the defendant, as heir of Samuel Connolly; but if the judgment is not so operative, then the title to said third is in the plaintiff, under a deed from James Connolly, made since the commencement of this action. The only question in the case is, whether the judgment mentioned binds the plaintiff as respects the defendant in this action, as heir of Samuel Connolly?

The judgment was recovered in an action brought by William Kane, as administrator of the estate of Samuel Connolly, against Michael Connolly, the present plaintiff, and James Connolly. The latter did not appear, but made default. Upon the issues raised by the complaint, and the answer of Michael Connolly, it was found by the court by which the action was tried, that Samuel Connolly died intestate in June, 1864; that William Kane was, in April, 1874, duly and legally appointed and qualified administrator of his estate; that on September 2, 1857, and for some time before that date, Samuel Connolly owned the entire premises of which partition is sought in the present action; that in July, 1856, he had mortgaged the same to Amos W. Hall, to secure certain indebtedness; that on said second day of September, 1857, Samuel Connolly, by separate deeds, conveyed one undivided third of said premises to Michael Connolly, and another undivided third of the same to James Connolly; that at the time of said conveyances, and as the consideration thereof, said Michael and James made an agreement in writing, whereby they bound themselves to pay the mortgage debt aforesaid, with interest,

on July 12, 1858, and, in default in making such payment,. to reconvey to Samuel Connolly, his heirs, executors and administrators, the two undivided thirds conveyed to them as above stated. The deeds and the agreement were duly recorded.

It was further found that neither said Michael and James, nor either of them, paid or discharged the mortgage as agreed; that therefore they had wholly failed to comply with the terms of their agreement; and, that, although requested so to do, they had refused to reconvey. The relief prayed for in the action was a judgment that the interests of said Michael and James,. acquired as aforesaid, "be forever foreclosed," and that the title to the undivided two-thirds conveyed to them be decreed to be in the heirs of Samuel Connolly, and that it be further decreed that said Michael and James have no further claim in or to said undivided two-thirds by virtue of said deeds and agreement, and that such other and further relief be granted as the court may deem just and proper.

As conclusions of law from the facts found, the court found that the administrator was entitled to the relief demanded as against James Connolly, but not as against Michael. Judgment was accordingly entered in favor of Michael Connolly; but against James a judgment was rendered by which the interest—to wit, his title to the undivided one-third of the premises mentioned,—which he acquired, as aforesaid, from Samuel Connolly was decreed to be in the heirs of Samuel Connolly, and by which it was also decreed that said James has no further claim therein whatever.

Whether this judgment against James binds Michael Connolly, as respects the present defendant, as heir of Samuel Connolly, depends upon whether the heir is bound by it or not; for the estoppel of a judgment must be mutual. If the administrator had authority to bring the action in behalf of the estate, it would follow that the estate would be bound by the judgment rendered therein; and if the estate was bound, all persons interested therein, including the heirs, would be bound

also.   Now, in the case at bar, the decedent had a cause of action against Michael and James Connolly, upon their agreement to pay the mortgage debt or reconvey.   At the decedent's decease, this cause of action was part of his estate. In the exercise of his duty and authority to administer upon the estate of his decedent, the administrator certainly had the right to enforce this cause of action, and bring it to a settlement.   In this respect it is impossible to distinguish this cause of action from any other cause of action which was part of the assets of the estate.   That the result of the enforcement of the cause of action against the Connollys might be to bring to the estate the title to land is not at all important, so far as respects the right of the administrator to enforce it by legal proceedings.   A like result often follows from the foreclosure of a mortgage by an administrator, but it never was objected that, for that reason, the administrator could not foreclose.   We have no doubt that the administrator had authority to enforce the cause of action against the Connollys.   Acting as administrator in enforcing the same, he acted for the estate; and the estate and all persons interested in it were, therefore, bound by the judgment which he recovered.

Order affirmed.