DERRETTA PARK v. MARTHA H. CROSS and Another.

May 9, 1899.

Nos. 11,348—(6).

**Authority to Receive Payment of Interest and Principal before Maturity.**
Authority from the payee to collect and receive, as his agent, the interest and principal of the debt, is not authority to collect or receive either the interest or principal before it is due.

Action in the district court for Clay county against Martha H. Cross and William J. Bodkin, sheriff of said county, praying for an injunction restraining defendants from selling the mortgaged premises. The case was tried before Searle, J., who found in favor of plaintiff; and from an order denying a motion for a new trial, defendant Cross appealed. Reversed.

*F. H. Peterson,* for appellant.

*W. B. Douglas* and *J. B. Campbell,* for respondent.

CANTY, J.

This is an action to restrain the foreclosure of a mortgage under the power of sale, on the ground that plaintiff, the mortgagor, had partly paid the mortgage debt, and had tendered payment of the balance due. On the trial, the court, sitting without a jury, found for plaintiff, and defendant appeals from an order denying a new trial.

The mortgaged premises are city property situated in Moorhead. The note and mortgage are dated March 18, 1890. The note is for the sum of $800, and was due in five years after date. The interest, at the rate of 8 per cent., was payable semiannually. Plaintiff applied for a loan to one Titus, a loan agent residing at Moorhead, and he procured the loan from defendant, a resident of New York. Her husband acted as her agent in making the loan, and he sent the money to Titus, who paid it over after said note and mortgage were executed. He then had the mortgage recorded, and sent it and the note to defendant's husband, at New York. Defendant has ever since retained the principal note. As the coupon notes fell due, she sent them to Titus for collection. The note was, by its

terms, payable at the office of Titus, in Moorhead. Until 1894, plaintiff paid the semiannual interest to Titus shortly after it came due. Sometimes Titus had the interest coupon for collection when the payment was made, and at other times he did not, and then he would give plaintiff a receipt for the money, and, when the coupon arrived, he would exchange the coupon for the receipt.

Plaintiff paid Titus the following sums, to be applied on the principal note: March, 1891, $100; April, 1891, $301.88; and April, 1893, $300. On each occasion, Titus gave her a receipt for the amount paid, but he never forwarded the amount paid to defendant, and never notified her that he had collected it, and neither she nor her husband ever knew until August, 1894, that any such payment had ever been made. When plaintiff made these payments, she never inquired whether Titus had the securities in his possession, and did not know whether he had or not. After making these payments, she supposed that she was entitled to a reduction of interest, but she still continued to pay the full amount of interest called for by the coupons. She "mentioned it to Mr. Titus, and he said it would be all right." She testified that she supposed that Titus was loaning his own money, and that he himself owned the note and mortgage. But she also testified that on three or four occasions, when she paid the interest, he did not have the coupon, and that she subsequently exchanged the receipt he gave her for the coupon, and could readily see that all of the paid coupons which she received from him were payable to "Martha H. Cross." Titus testified that before he made this loan he had a conversation with defendant's husband at New York, and then solicited from the latter the authority to make loans for him, and that his (Titus') understanding of the agreement then made was that he should collect the principal and interest of such loans as he would make.

It will be observed that Titus received said three payments on the principal long before the note was due, and, conceding that the testimony warranted the court in finding that he had authority, as defendant's agent, to receive the principal of the debt, this did not give him authority to receive it before it was due. See Mechem, Ag. § 380; Story, Ag. § 98; 2 Parsons, Notes & B. 214; Smith v. Kidd, 68 N. Y. 130; Campbell v. Hassel, 1 Starkie, 233.

"Every person who pays money beforehand pays it at his own risk. The agent could not have claimed the money before it was due to the principal." Per Lord Ellenborough, Parnther v. Gaitskell, 13 East, 432.

There was in this case no such course of dealing or other circumstances as would take the case out of the above rule. The case of Thompson v. Elliott, 73 Ill. 221, is not an authority in favor of respondent, as she contends. The note in that case was payable on or before.

Appellant commenced the foreclosure a few months before the principal came due, under the claim that there was a default in the payment of an instalment of interest. Respondent contends that the three payments made by her to Titus, as payments on the principal, should, at least, be applied, pro tanto, as a payment of this instalment of interest, and, if so applied, there was no default in the mortgage when appellant attempted to foreclose it, and therefore the decision of the court below should be affirmed. Said three payments, made as payments on the principal, were all made long before this instalment of interest came due, and we cannot hold, from the evidence, that Titus had authority to collect the interest before it came due, any more than he had authority to collect the principal before it came due. This disposes of the case.

The order appealed from is reversed, and a new trial granted.