BLESER, Appellant, vs. STEDL and another, Respondents.

*February 22—March 10, 1908.*

*Evidence: Sufficiency: Principal and agent: Accepting payments before maturity.*

1. In an action to foreclose a mortgage given to secure a note, defended on the ground of payment to mortgagee's agent, the evidence is *held* sufficient to sustain the finding of the trial court that plaintiff had authorized his agent who negotiated the loan for which the note was given to receive payments thereon.

2. While authority to an agent to receive payment of a note does not include authority to mature such note by receiving payment before due, it does include authority to accept payment before due to be applied as of the time of maturity.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

This is an action for the foreclosure of a mortgage given to secure the following note:

"Manitowoc, Wis., Dec. 12th, 1900.

"Two years after date, for value received, I promise to pay *Peter Bleser* or order the sum of six hundred fifty ($650.00) dollars with interest thereon at the rate of 4¾ per cent. per annum, payable annually. Both interest and principal payable at J. P. Nolan's office, Manitowoc, Wis. This note is secured by real-estate mortgage bearing even date herewith.

                                                    his
                              "LAWRENCE X STEDL.
                                                   mark

"In presence of P. A. Kornely.

"Due Dec. 12th, 1902. Sums of not less than $100.00 may be paid off at the end of each year before due."

The note bears indorsements for the interest for each year up to December 12, 1905. Some of these indorsements are undated, and some are dated at times subsequent to the time when the interest became due. The following indorsement also appears: "Feb. 21, 1906, paid on the within note $250 on principal and $2.22 interest on said $250.00 to

date. *P. C. Bleser."* There was evidence in behalf of
the defendant to the effect that at the time the note and
mortgage were given the defendant made inquiry of the
plaintiff as to where and to whom he could make payments
on the note, and that the plaintiff then informed him that
he could pay the money to J. P. Nolan, plaintiff's agent,
and that the plaintiff would get the money from Nolan.
Nolan kept a real estate, insurance, and loan office. The
loan was negotiated by him for plaintiff, and the note and
the mortgage were executed in his office and in his presence.
Defendant alleged payment of the note, and introduced re-
ceipts showing payment of $400 on the principal to J. P.
Nolan as the agent of the plaintiff. The money received in
these payments was never given to the plaintiff by Nolan.
The other defendants are the wife of the mortgagor and a
subsequent mortgagee. The court found that the payments
on the principal to Nolan had been made to him as the agent
of the plaintiff duly authorized to receive payment of the
principal and interest on the note, and judgment was given
in defendants' favor, dismissing the complaint and award-
ing defendants their taxable costs. This is an appeal from
such judgment.

*A. P. Schenian,* for the appellant.

For the respondents there was a brief by *Hougen & Brady,*
and oral argument by *A. L. Hougen.*

SIEBECKER, J. The court found that plaintiff authorized
Nolan to receive payment of the principal of the note and so
informed the defendant at the time of its execution, and
that Nolan, under such authority, received part payments
of the principal of the note on December 7, 1901, and De-
cember 17, 1904, amounting to $400. Appellant avers that
there is no evidence to support the finding that he so author-
ized Nolan to receive these payments. He contends that the
evidence bearing on the authority of Nolan to act for him is

clearly restricted to the payment of such part of the principal as defendant might make before the note became due. This claim is contrary to the testimony of the defendant *Lawrence Stedl* and the witness Douglas Gallagher. They testify to a general authority of Nolan to receive payments of both principal and interest on the note. This is corroborated by the course of dealing between plaintiff and Nolan throughout the period when the alleged payments were made on the note. It appears that for five years from the time of the execution of the note plaintiff dealt only with Nolan in respect to payments, and that plaintiff received interest from Nolan which was paid at times other than when due. His course of dealing with this note harmonizes with the idea that defendant was to pay the sums due on the note to Nolan as plaintiff's agent. We deem the evidence sufficient to support the court's finding of fact on this point of the case.

But it is argued that such agency of Nolan did not authorize him to receive payments either prior to or subsequent to the due date of the note, namely, December 12th. It is undisputed that $300 of the principal was paid Nolan on December 7, 1901. Appellant insists that the reception of this payment by Nolan in no way is binding on him, under the established rule that authority to collect a note does not authorize the agent to receive payment until it is due. The cases relied upon for support of the proposition are mainly of the class wherein the collecting agent attempted by agreement with the maker to mature the paper before the time expressed in the note or security, and received payment thereon of principal and interest as of the time it was so matured. There is no doubt that an agency to collect does not include authority to so mature a paper. The instant case is not in this class. Nolan did not attempt to change the note or the time of its maturity, but four days before it was due received payment of part of the principal, with the interest on the whole note to the day when the interest became due.

There can be no question that plaintiff could have so received the principal and interest with the understanding that payment was then made to apply on the note as of the time it fell due. Such payments are within the ordinary and common course of dealing in the conduct of this class of business, and we perceive no good grounds against conferring authority on an agent to so receive them. The question then is: Did Nolan's agency to receive payment of the principal and interest on this note authorize him to accept such payment four days before the day it fell due. It appears that defendant was unacquainted with plaintiff and transacted the business through Mr. Nolan, that he inquired of plaintiff with whom he was to deal in making payments of the sums due on the note, and that plaintiff informed him that he could deal with Nolan, who was acting for him in his loaning transactions, and pay the money to him as plaintiff's agent. As stated, plaintiff had no communication with the defendant concerning the payments on this note for five years and over, and he dealt in the matter wholly with Nolan. Under these circumstances the inference that Nolan's agency authorized him to deal with defendant in receiving payments on the note in the usual manner that the holder of notes conducts such business is a proper one. Such an agency manifestly includes authority to receive payment of the sums paid on December 7th and December 17th to apply on the note as of the time it became due, and the trial court's conclusion to this effect should be sustained.

*By the Court.*—Judgment affirmed.