WILLIAM SCOTT AND ANOTHER v. JOHN A. NORDIN.[1]

June 10, 1927.

No. 26,088.

**Finding sustained that mortgagor was not in default.**

1. The findings that the interest in dispute had been paid and that no default had occurred in the conditions of the mortgage are sustained by the evidence.

**Agent with actual authority to collect interest may take it one day before due date.**

2. An agent to collect interest on a mortgage is within his authority in receiving the interest one day before it is due to be applied as of the date it is due.

**Action to annul foreclosure of mortgage properly brought in district court.**

3. Where an administrator forecloses a mortgage and bids in the property in his own name as administrator, an action to set aside the foreclosure on the ground that no default had occurred is properly brought in the district court and against the administrator as sole defendant.

Agency, 2 C. J. p. 632 n. 65.
Courts, 15 C. J. p. 993 n. 91.
Mortgages, 41 C. J. p. 1031 n. 58; p. 1033 n. 88.

[1]Reported in 214 N. W. 472.

Action in the district court for Hennepin county to set aside a mortgage foreclosure made upon the ground of a default in the payment of interest. From an order, Baldwin, J., denying his motion for a new trial, defendant appealed. Affirmed.

*John A. Nordin,* for appellant.

*Gustaf E. Drake,* for respondents.

TAYLOR, C.

The evidence presented by plaintiff might well have been less fragmentary, but most of the facts are undisputed. Plaintiff owned a lot in the city of Minneapolis subject to a mortgage given by former owners to Swan J. Turner for $1,200, the interest on which was payable semi-annually on January 9 and July 9. On January 8, 1926, plaintiff paid the instalment of interest falling due on the following day to Swan Sigford as Turner's agent. Turner died January 9, 1926, and defendant was appointed administrator of his estate in February, 1926. Claiming that the interest which became due on January 9, 1926, remained unpaid, defendant foreclosed the mortgage by advertisement and bid in the property in his own name as administrator. Plaintiff brought this action to set aside and annul the foreclosure on the ground that there had been no default in the payment of interest or otherwise. The court found that plaintiff had paid the instalment of interest in dispute and that no default had been made in any of the conditions of the mortgage, and directed judgment annulling the foreclosure and reinstating the mortgage. Defendant appealed from an order denying a new trial.

Defendant assigns as error that the findings of fact are not supported by the evidence, but fails to point out the particular findings challenged as required by the rule.

Defendant contends that Sigford had no authority to collect the interest and that the payment to him was of no effect. Sigford testified, in substance, that he had been collecting interest for Turner on his mortgages for two or three years, and had been directed by Turner to collect the interest on this mortgage and deposit it with the Prudential Building & Loan Association; also that he had

received the instalment of interest in question on January 8, 1926, and on January 11 had deposited it with the association pursuant to his instructions. His testimony was not contradicted. He also produced quite a number of checks which he had given for interest collected for Turner. The court was amply justified in holding that he had actual authority to collect the interest on this mortgage. As Sigford had actual authority to collect this interest, the fact that he had neither the note nor the mortgage is of no consequence.

Defendant cites the general rule stated in Park v. Cross, 76 Minn. 187, 78 N. W. 1107, 77 Am. St. 630, that authority to collect does not give authority to collect before the payment is due, and claims that Sigford had no authority to receive an instalment of interest on January 8 which was not due until the next day. The rule invoked applies particularly to payments on the principal of the debt. Among the reasons assigned for it are that giving an agent authority to collect does not imply authority to change the contract in any particular, nor to accept a payment which would deprive his principal of subsequently accruing interest to which he was entitled by the terms of the contract. But where an early payment is to the advantage of the principal and can cause him no detriment, that rule is not controlling. It is a common practice of debtors, who intend that no default shall occur, to make payments a brief time before they are due to be applied as of the time when they become due. Such payments merely give the creditor his money a trifle earlier than he is entitled to it without affecting the terms of the contract in any way, and an agent to collect has authority to accept them. Bleser v. Stedl, 135 Wis. 124, 115 N. W. 337; Bliss & Hubbard v. Cutter & Coye, 19 Barb. (N. Y.) 9. In the Wisconsin case the agent received the principal of a mortgage four days before it was due and misappropriated the money. The court held that the authority to collect gave the agent authority to receive the payment and dismissed an action to foreclose the mortgage. In the instant case the agent received the interest one day before it was due, to be applied as of the date it was due, and three days later deposited it with the depository which the mortgagee had designated. So far as appears the estate of the mortgagee has received the full benefit of the pay-

ment. Under the circumstances disclosed, we think the agent not only had authority to accept the payment but would have been derelict in his duty to his principal had he refused it.

That the action was properly brought in the district court and is not within the jurisdiction of the probate court, see O'Brien v. Lien, 160 Minn. 276, 199 N. W. 914, and cases there cited. The administrator was the only necessary party defendant as he foreclosed the mortgage and bid in the property in his own name. See Lamoreaux v. Higgins, supra, page 423.

Order affirmed.