(No. 4845. April 28, 1928.)

M. D. WHALEN, Respondent, v. E. E. VALLIER and ELIZABETH VALLIER, Husband and Wife, Appellants.

[266 Pac. 1089.]

Charles P. McCarthy, for Appellants.

184

Delana & Delana, for Respondent.

BUDGE, J.—Respondent brought this action against appellants to enforce payment of a promissory note for $1,500 and to foreclose a real estate mortgage given to secure the same. The appeal is from a judgment in favor of respondent for the full amount of the note, together with interest and attorney fees, and decree of foreclosure of the mortgage, and also from an order overruling appellants' motion for a new trial.

A brief outline of the facts may be thus given: In the year 1914 one Woodman and wife owned the real estate covered by the mortgage herein, and had mortgaged the same to respondent to secure a note for $1,500. In February, 1915, the Woodmans conveyed to one Stauffer, subject to the mortgage. On July 15, 1915, Stauffer conveyed to Elizabeth Vallier, one of the appellants, subject to the mortgage, which she assumed and agreed to pay. When the semi-annual interest fell due in August, 1915, appellant E. E. Vallier, having had written notice from the Edward Stein Company, paid the latter $60 accrued interest, and thereafter, until August 14, 1920, inclusive, regularly paid semi-annual interest to the latter company, said company regularly accounting to respondent. On August 14, 1920, appellants executed to respondent the note and mortgage in suit, and delivered the same to the Edward Stein Company for respondent, receiving from the Edward Stein Company, to whom delivery had been made by respondent, the note and mortgage of the Woodmans. Appellants thereafter continued to pay semi-annual interest of $60 to the Edward Stein Company until February 18, 1922, when E. E. Vallier paid to Allen Stein, secretary-treasurer and manager of the Edward Stein Company, $750 to apply on the principal of the note. At the time of this payment, Allen Stein stated to appellants that it would be indorsed on the note. Appellants did not ask for or see the note, and made no demand that it be produced and the payment indorsed thereon. The Edward Stein Company or Allen Stein did not have the note and mortgage, they being in the possession of respondent from immediately after their execution.

No part of the $750 so paid as aforesaid ever reached respondent, and he had no knowledge that said payment had been made until some days after January 10, 1925. From August, 1922, until August, 1924, appellants regularly paid $30 semi-annual interest to the Edward Stein Company, it regularly accounting to respondent on the basis of $60 semi-annual interest, thereby concealing from respondent that a payment of $750 had been made on the principal.

On January 10, 1925, respondent wrote. appellant E. E. Vallier the following letter:

"Dear Sir:

"I suppose you have seen by this time reports of Allen Stein leaving between sun down and sun up. I thought I had better notify you that any business we have in regards to that $1500 mortgage kindly take up with me direct as I don't want any more of my business to go through their office which is now in the hands of a receiver. Thanking you very much.

"M. D. WHALEN."

Some time before the foregoing letter was written and prior to the payment of the $750 by appellants, Edward Stein, of the Edward Stein Company, had died. When appellant E. E. Vallier received the letter, or shortly thereafter, he called respondent on the telephone and informed him that on February 18, 1922, he had paid to Allen Stein $750 principal on the $1,500 note.

Specification of error No. 1 raises the point that the trial court erred in overruling appellants' objection to the question asked respondent as to what Edward Stein said to him over the telephone about the matter of the renewal or the taking of a new note and mortgage in lieu of the Woodman note and mortgage. This evidence was offered for the purpose of showing that the Edward Stein Company was acting as the agent of appellants in securing the new note and mortgage, and not as the agent of respondent. Even if this testimony was not properly admissible, its admission did not constitute reversible error

for the reason that the evidence shows that the arrangements discussed by Stein and respondent as to the giving of the new note and mortgage by appellants were fully carried out by appellants.

Specifications of error Nos. 2, 3 and 4 are predicated upon the action of the trial court in sustaining respondent's objections to certain questions asked respondent in reference to a note and mortgage given by William Henry Williams and wife to respondent; as to whether or not Williams had paid to the Edward Stein Company the principal of the note and mortgage given by them; and the refusal of the court to admit in evidence said note and mortgage. This evidence was offered on the theory that the Edward Stein Company was the general agent of respondent and had received payments of principal as well as interest, and upon the further ground that respondent would be estopped from denying such agency. The Williams note and mortgage were executed and delivered to respondent approximately two years after the execution and delivery of appellants' note and mortgage, and over five months after the payment made by Vallier on the principal. Whatever dealings may have taken place between the Edward Stein Company and respondent at a date long subsequent to the transaction involved would be wholly immaterial, as it was incumbent upon appellants to show that a general agency of the Edward Stein Company for respondent existed at the time of their negotiations with him, and not at some later date. Neither would this evidence prove nor tend to prove estoppel, since it is clear that appellants had no knowledge regarding the Williams transaction and therefore could not have been misled to their injury. (*Ritter v. Plumb*, 203 Iowa, 1001, 213 N. W. 571.) But though admissible, its exclusion was not prejudicial because it would not prove agency, and the same was not proven by other evidence.

Appellant E. E. Vallier testified that in January, 1919, the Edward Stein Company notified him that respondent wanted his money; that he then visited respondent and

informed him of what Stein had said, and that if respondent wanted his money, he, Vallier, would make provision to get it; that respondent stated that he neither wanted nor needed the money and "to keep right on paying Stein, as they were his agents, and transacted all his business." Respondent positively denied telling Vallier that the Edward Stein Company was his agent or 'transacted all his business.

██ The court found that respondent did not state to appellant E. E. Vallier that the Edward Stein Company was his agent or transacted all his business. In view of the conflict in the testimony upon this point, we are not in a position to disturb the finding so made, and particularly in view of the rule that where there is any doubt on which side the evidence preponderates, the party having the burden of proof fails upon that issue. (23 C. J. 11, 12.) The trial court further found, *inter alia,* that neither the Edward Stein Company nor Allen Stein was ever expressly authorized by respondent to receive any payment of principal on the note; that respondent did not at any time hold out to appellants, or either of them, that the Edward Stein Company or Allen Stein, as his ostensible agents, had authority to receive any payment of principal on the note; and that there were no acts or conduct on the part of respondent from which an agency could be implied on the part of Edward Stein Company or Allen Stein, or any of the officers, agents or employees of the Edward Stein Company, by which they were authorized to accept any payment of principal on the note for or on behalf of respondent.

██ In view of the findings of the trial court, the vital question here presented is whether or not the Edward Stein Company or Allen Stein was authorized as the agent of respondent to receive the payment of the $750 principal and acquit appellants of that amount. Since this was a payment made to a third party, the burden of proof was upon appellants to show that the Edward Stein Company or Allen Stein had either express, implied or ostensible

authority to accept the payment so made (30 Cyc. 1265); or there must have been proof of such acts or conduct on the part of respondent as to estop him from denying that authority rested with the Edward Stein Company or Allen Stein to receive on his behalf the payment made by appellants on the principal. (2 C. J., p. 926, sec. 668; *Campbell v. Gowans,* 35 Utah, 268, 19 Ann. Cas. 660, 100 Pac. 397, 23 L. R. A., N. S., 414.)

█ Agency is a fact, the burden of proving which rests with the party affirming its existence. (2 C. J., p. 923, sec. 662.) Likewise, the burden rests upon him to prove the extent of the agency, and that the authority remained unrevoked at the time of payment. (2 C. J., pp. 926, 927, sec. 668.)

It is said in *Iowa Sav. Bank v. Christensen,* 200 Iowa, 170, 202 N. W. 774, quoting *Tappan v. Morseman,* 18 Iowa, 499:

"The law justly attaches great importance to the possession of a note by an agent as showing his authority, and equally great importance to the want of possession, as evidence of a want of authority.

"So, that it may be laid down as the general rule, that if a debtor, owing money on a written security, pays to or settles with another as agent, it is his duty, at his peril, to see that the person thus paid or settled with is in possession of the security. If not thus in possession, the debtor must show that the person to whom he pays or with whom he settles has special authority, or has been represented by the creditor to have such authority, although for some reason not in possession of the security."

█ Neither the Edward Stein Company nor Allen Stein had possession of the note and mortgage given by appellants to respondent at the time of the payment of the $750 to Allen Stein or at any time after the same were executed by appellants. A note and mortgage not in the hands of an agent of the mortgagee when the agent collects the principal is not conclusive on the question of authority to receive the principal, but is a matter of evidence to be

weighed in connection with all the facts. (*Campbell v. Gowans, supra.*)

While it is true appellants made semi-annual payments of interest to Edward Stein Company and Allen Stein, the authorities are in substantial accord that collection of interest does not warrant a finding of agency to collect principal, or part of the principal, before due. (2 C. J. 621; Jones on Mortgages, sec. 964; Mechem on Agency, sec. 945; *Park v. Cross,* 76 Minn. 188, 77 Am. St. 630, 78 N. W. 1107.) Even where a third party is agent for the payee for the collection of interest, the payee's retention at all times of the note and mortgage rebuts any inference of agency generally in regard to the transaction. (*Wiesner v. Kosiedowski,* 182 Wis. 521, 193 N. W. 374, 197 N. W. 208.)

It is likewise true that the note provided that it should be paid at the office of Edward Stein Company. This stipulation was for the convenience of the payers, affording appellants the privilege of taking up the paper on the due date. (*Bartel v. Brown,* 104 Wis. 493, 80 N. W. 801, 803.) The naming of a place of payment does not make the keeper of the place the agent of the holder of the instrument to collect it. (*Bryner v. Reynolds,* 117 Kan. 427, 232 Pac. 219.)

The rule is that the mere possession of the paper in advance of the due date, unless the paper is delivered into the custody of the alleged agent for the purpose of receiving payment thereof, does not discharge the debt in the absence of clear proof of express authority to receive such payment. (*Bartel v. Brown, supra.*) The fact that respondent delivered to the Edward Stein Company the Woodman note and mortgage, to be delivered to appellants, would not constitute the Edward Stein Company or Allen Stein respondent's agent for the purpose of receiving partial payment of principal on the new note and mortgage. Particularly is this true in view of the fact that the note by its terms provided that the principal was payable on or before three years after date. The note

contained no provision for partial payments of the principal or any multiple thereof, but specifically provided that the entire amount of the principal was payable on or before three years after date.

In *Griswold, Hallette & Persons v. Davis,* 125 Tenn. 223, 141 S. W. 205, the following language is used in the course of the opinion:

"There can be no basis for the debtor relying upon the apparent or ostensible authority of an agent not in possession of the written securities to receive payment. The mere act of paying the principal debt to one not the holder of negotiable instruments, and not in possession of them, is such gross negligence upon the part of the debtor that it is difficult to conceive how he could rely upon an apparent or ostensible authority of such agent to receive the payment . . . .

"Agency rests upon contract between the principal and the agent. This contract cannot be made to appear to a third party by the declarations of the agent only, nor can the principal be held bound by a course of conduct upon the part of the agent unknown to him. . . . . The same principle of equity which forbids the principal to deny responsibility for the acts of his agent within the scope of his apparent authority requires that the party dealing with the alleged agent shall show that he was aware of the acts from which the apparent authority is deduced, that he acted in reliance upon them, and that he did not act negligently, but used reasonable means to ascertain whether the power was possessed by the agent, and that in good faith he believed the agent was especially authorized to do the thing."

Appellants lay great stress upon the letter written by respondent on January 10, 1925, particularly that portion of it wherein it is stated, "I don't want any more of my business to go through their office which is now in the hands of a receiver," contending that the letter should be construed as an admission by respondent that his business had gone through the office of Edward Stein Company and

Allen Stein and that they were his agents, with authority to receive payments of both principal and interest. To properly interpret the letter, we must take into consideration what business was transacted by the Edward Stein Company and Allen Stein for respondent, and in this light the letter must be construed. The only business shown to have been transacted on behalf of respondent by the Edward Stein Company or Allen Stein in connection with appellants was the receipt by the Edward Stein Company of the interest due on the Woodman mortgage and its remittance to respondent, as well as the collection of interest on appellants' note and mortgage and the remittance thereof to respondent; the handling of the Woodman mortgage as heretofore recited, the delivery to respondent of appellants' note and mortgage, and the further fact, as appears from the record, of the handling of insurance on the premises mortgaged.

When appellant E. E. Vallier was in doubt whether respondent wanted his money or not, he went to see him personally. The note specifically stated when and in what manner it was payable. We think it may be inferred from the record that appellants knew that Edward Stein Company or Allen Stein did not have the Woodman note and mortgage, and only obtained the same by delivering to respondent the note and mortgage of appellants. The further fact is quite clear that appellants had knowledge of the incorrectness of certain statements by Edward Stein and Allen Stein, whether made intentionally or otherwise, sufficient, it would seem, to put an ordinarily prudent man upon his guard. It was at least such negligence on the part of appellants in the making of the payment to a third party who did not have the securities and never had them for the purpose of collection of the principal, when coupled with the absence of express authority or such conduct as would constitute a holding out of the Edward Stein Company or Allen Stein by respondent as his agent, to warrant us in reaching the conclusion that appellants failed to sustain the

burden of proving agency or estoppel. Therefore, the findings of the trial court must be upheld.

In view of the conclusion reached, that the proof is insufficient to establish agency or estoppel, it follows that the judgment must be affirmed, and it is so ordered. Costs awarded to respondent.

Givens, Taylor and T. Bailey Lee, JJ., concur.

Wm. E. Lee, C. J., took no part in the decision.