(No. 5798.   May 26, 1932.)

A. L. EATON, Respondent, v. W. H. McWILLIAMS, HARRY B. PENCE and FIRST SECURITY BANK OF PAYETTE, IDAHO, a Corporation, Appellants.

[12 Pac. (2d) 259.]

146

Herman Welker, John H. Norris and Walter Griffiths, for Appellants.

Cleve Groome, for Respondent.

LEEPER, J.—The plaintiff was the owner of a tract of land in Canyon county, Idaho. On the thirteenth day of March, 1928, the plaintiff executed a written power of attorney in favor of the defendant, W. H. McWilliams, which authorized him only to sell and convey the aforesaid premises, to execute a deed therefor and to do all acts necessary to convey a complete title. The defendant McWilliams, acting under the power of attorney, thereafter made a contract for the sale of the premises to one Earl F. McClure for the sum of $1,000, $100 of which was paid down, and the balance being payable at the rate of $100 per year. Pursuant to this contract, McWilliams as attorney-in-fact for Eaton executed and acknowledged a deed to the premises, and thereafter kept the contract, deed and abstract in his possession for a considerable length of time, instead of depositing them in escrow in the First National Bank of Caldwell as provided by the contract. The down payment of $100 was received by McWilliams and was never accounted for to Eaton. McWilliams was entitled to $50 as compensation for making the sale, and expended $17 for

conveyancing and abstracting costs. On March 4, 1929, and prior thereto McWilliams had endeavored to sell this contract to the defendant Pence, who had offered him $646 for it. This McWilliams refused to accept, but made a deal with Pence that the latter should advance $500, taking the contract in pledge as security, together with a written assignment thereof, and that he (McWilliams) would endeavor to sell the contract elsewhere and out of the proceeds pay Pence. This McWilliams was unable to do and later he agreed to take the balance of $146 from Pence, which was paid to him. All of this $646 was converted by McWilliams and he never paid over any portion of it to Eaton, nor did he account therefor. After the assignment was made the defendant Pence received from the purchaser on the contract the total sum of $164, covering payments of principal and interest from the year 1929, and on October 26, 1930, the purchaser paid the further sum of $121 to the First Security Bank of Payette, in which institution the papers had been placed by Pence.

During the time occupied by these transactions Eaton was living in Montana and was never present in Idaho. McWilliams advised him by letter that he had made the sale some time in the fall of 1928, but nothing was remitted to him, and he did not know of the details of the deal with McClure until he returned to Idaho in February of 1930. At that time McWilliams concealed the fact that he had so sold the contract to Pence, but admitted having drawn some money on it. On August 12, 1930, Eaton again returned to Idaho, and saw McClure and Pence. He had an argument with Pence about the division of a $38 check given for damages to the land by a drainage ditch constructed across it, and finally compromised by dividing it equally, Mr. Pence acting as intermediary and dividing the money. At that time McClure advised him that McWilliams had assigned the contract to Pence, and they had some further discussion about that matter. This was the first time that Eaton knew of the assignment, and he later went to the Payette bank and inspected the papers. Shortly after

this, Eaton employed an attorney, who thereafter served notice upon the bank and in November, 1930, filed this action on behalf of Mr. Eaton, seeking cancelation of the purported assignment, for the return of moneys theretofore paid by McClure, and for delivery of the deed, contract and abstract to him. Judgment was entered in favor of the plaintiff granting him full relief, from which this appeal is taken by defendants McWilliams and Pence.

We have carefully inspected the record and find no error. The power of attorney given to McWilliams clothed him only with the power to sell, and must be strictly construed.

''In accordance with the rule requiring powers of attorney to be strictly construed, a power of attorney to sell lands must be strictly construed and cannot be extended by construction. Hence an authority to sell must be strictly pursued and acts beyond those which are legitimately necessary to carry the particular power into effect will not bind the principal, although, in the absence of restrictions, the agent has the undoubted power to do those things which are usually done in making such sales.'' (2 C. J. 611, sec. 245.)

Obviously, the power to assign the contract and receive payment therefor is not included within the purview of the written power of attorney, by the limitations of authority therein expressed. Pence being the assignee of the contract, and having full knowledge of the terms of the power of attorney certainly knew or should have known that Mc-Williams was acting beyond the scope of his agency. Indeed, as a matter of law, that agency was entirely terminated and no longer existed after the sale was completed. This case does not involve any question as to the apparent scope of an agent's authority, because the specific written limitation was known to the purchaser, and the record does not disclose that this was ever, subsequent to its execution, changed or enlarged in any manner by the principal. A person who makes a payment to an agent acting without the scope of his employment does so at his peril. (*Whalen*

*v. Vallier*, 46 Ida. 181, 266 Pac. 1089; *Nielson v. Westrom*, 46 Ida. 686, 270 Pac. 1054.)

Appellant contends that Eaton ratified the assignment and is therefore bound. We have searched the record for evidence of ratification and found none. Eaton moved with reasonable rapidity to recover his property as soon as he learned of the transaction on August 12, 1930, and prior to this time he had no knowledge of it. Apparently he did not know of many facts connected with the assignment, particularly the purchase price, and he never received any of the consideration. That he attempted to secure settlement from McWilliams is immaterial, in view of the fact that his efforts were unsuccessful. Pence did not rely upon anything said or done by Eaton at any time, and it appears to us that almost every element essential to ratification is missing in this case. (*Blackwell v. Kercheval*, 29 Ida. 473, 160 Pac. 741.) The finding of the court, upon this record, that there was no ratification is conclusive upon us. The statement contained in the assignment to the effect that McWilliams was lawfully authorized to execute it amounts to no more than a declaration of the agent and is not binding upon Eaton. (*Cupples v. Stanfield*, 35 Ida. 466, 207 Pac. 326; *Cox v. Crane Creek Sheep Co.*, 34 Ida. 327, 200 Pac. 678.) As to whether or not McWilliams was empowered to sell upon credit under the terms of the power of attorney we are not called upon to decide, since Eaton ratified the deal. This ratification, however, does not impart validity to the transaction between McWilliams and Pence, of which Eaton knew nothing and from which he received no benefit.

The judgment is affirmed. Costs to respondent.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.