### KAY *v.* COUNTY OF WAYNE.

1. PAYMENT—PLEADING—BURDEN OF PROOF.
   Payment is an affirmative defense and burden of showing it is on defendant.

2. SAME—BURDEN OF PROOF—PRINCIPAL AND AGENT—AUTHORITY—ESTOPPEL.
   Debtor has burden of proof that person to whom payment was made, where made to some one other than the creditor, was authorized to receive payment or that the creditor has so acted as to be estopped to deny the existence of such authority.

3. SAME—CHECK—PRINCIPAL AND AGENT.
   A check does not discharge a debt until the check is paid to the creditor or some person authorized by him to receive payment.

4. PRINCIPAL AND AGENT — BILLS AND NOTES — INDORSEMENT OF CHECKS.
   Agent's authority to sell goods on behalf of his principal does not empower him to indorse checks payable to his principal and one who takes a check indorsed by such an agent does so subject to rights of the principal.

5. PAYMENT—PRINCIPAL AND AGENT—INDORSEMENT OF CHECKS.
   In action against county to recover for merchandise sold it by wholesale butter and egg merchant, evidence *held,* insufficient to absolve defendant from liability therefor notwithstanding delivery of check to plaintiff's agent who thereupon secured cash after making unauthorized indorsement.

6. BILLS AND NOTES—CHECKS—INDORSEMENT—AUTHORITY.
   A check made payable to a named payee is an order on drawee to pay amount thereof out of drawer's funds to the payee and can be paid to no one else without payee's consent or authority and if drawee or any one else takes it with an unauthorized or forged indorsement he does so at risk of having to make it good to payee.

7. PRINCIPAL AND AGENT—INDORSEMENT OF CHECKS—AUTHORITY—EVIDENCE.

The power of an agent to indorse checks cannot be implied from the fact the agent, without the knowledge or consent of his principal, indorsed checks in the principal's name and misapplied the proceeds, nor may such power be implied from authority to make collections.

8. SAME—APPARENT AUTHORITY—EVIDENCE—FORGED INDORSEMENT OF CHECK.

Fact that agent forged his principal's name in indorsing one check does not raise implication of apparent authority in such agent where evidence fails to show knowledge on part of principal of such fact.

9. SAME—COUNTIES—MERCHANDISE—PAYMENT.

In action against county to recover for merchandise sold it by wholesale butter and egg merchant through agent paid by commission, record *held*, to show no evidence that agent had authority, express, implied or apparent, to receive payment on checks payable to order of, and not indorsed by, plaintiff.

10. APPEAL AND ERROR—ASSIGNMENT OF ERROR—PREPONDERANCE OF EVIDENCE — COURT RULES — AFFIRMATIVELY PLEADED DEFENSE — PAYMENT.

Court rule that one appealing from judgment of trial court sitting without a jury might assign error that such judgment is against the preponderance of the evidence and that in civil cases no error might be assigned for total lack of evidence on a material question which lack of evidence had not been called to the attention of the court during trial or on motion for new trial *held*, not to relieve defendant from proving affirmatively pleaded defense (Court Rule No. 64 [1933]).

Appeal from Wayne; Moll (Lester S.), J. Submitted October 29, 1935. (Docket No. 69, Calendar No. 38,576.) Decided January 6, 1936.

Joseph M. Kay presented his claim against the County of Wayne to its board of county auditors for goods sold and delivered. From denial of claim he appealed to the circuit court. Judgment for defend-

ant. Plaintiff appeals. Reversed, and judgment ordered entered for plaintiff.

*Vincent P. Dacey,* for plaintiff.

*Oscar A. Kaufman,* for defendant.

Wiest, J. Jack Green, engaged by plaintiff to make sales of merchandise to the county of Wayne, on a commission basis, made sales, received two checks therefor, payable to the order of plaintiff, forged plaintiff's name thereon, obtained the money on one at the county treasury and on the other at a bank, and absconded with the proceeds. Thereupon plaintiff brought this suit against the county to recover for the merchandise, and defendant pleaded payment. Upon trial, without a jury, the court found payment, and plaintiff prosecutes review.

Plaintiff, a wholesale dealer in butter and eggs, desired to make sales to the county and agreed to pay Green, who was not otherwise in his employ, five cents per case on such orders obtained by him. The sales in suit were not the first made to the county by plaintiff through Green. Two invoices of merchandise preceded the two in suit and for one Green brought the county check to plaintiff, and for the other the cash he had obtained from the county treasury on a check payable to, but not indorsed by plaintiff and not delivered to nor seen by plaintiff, and upon Green's representation that the county had paid in cash.

Plaintiff claims that he had no knowledge that the county made all payments by check and relied upon Green's statement that the payment was made in cash, and he was, therefore, not put to inquiry as to how Green had obtained the second payment.

The third check, drawn by the county on a bank, was presented to the county treasury and the money paid Green on the forged indorsement. The fourth check, also drawn by the county on a bank, was evidently presented by Green to the bank, with the forged indorsement thereon, and he received the money.

The liability, if any, of the drawee bank is not here involved.

The trial judge in an opinion stated:

"It is my opinion that the acceptance of payment by plaintiff through Green for the first two bills of merchandise without complaint to the county estops him from denying the right of his agent to make such collections.   *   *   *

"It is my opinion that payment for the merchandise was made when the two checks here in dispute, which represent the entire balance claimed to be owing from the county, were delivered to Green pursuant to vouchers in these specific cases that had been either previously mailed in by Kay, or personally presented by Green.

"In reaching this conclusion, the court has taken into consideration the failure of Mr. Kay to make any investigation as to the integrity or standing of Green, whom he hired without inquiry and for the reason that he was in a position to get business from the county.

"The first check here involved was not cashed by the county treasurer. The second check apparently was cashed by the county treasurer. I am of the opinion, however, that neither the place of cashing nor the method pursued by Green is important. I conclude that plaintiff was paid for his merchandise when checks therefor were delivered to his agent."

Payment is an affirmative defense, and the burden of showing it was on defendant.

"Where payment is made to a person other than the creditor, the debtor has the burden of showing that the person to whom payment was made was authorized to receive payment (*Forgan* v. *Mackie,* 232 Mich. 476), or that the creditor has so acted as to be estopped to deny the existence of such authority." 48 C. J. p. 685, § 184.

See, also, *Whalen* v. *Vallier,* 46 Idaho, 181 (266 Pac. 1089).

"In an action for goods sold and delivered, where the defense was payment and it appeared that defendant had sent plaintiff a check in payment for the goods, which was received in plaintiff's absence by a person in his employ, and that this employee forged the indorsement of plaintiff on the check and deposited it in his own bank and misappropriated the proceeds, and defendant did not produce sufficient evidence to prove that the employee was the authorized agent of plaintiff to indorse checks, it was held that, defendant having failed to show payment, plaintiff was entitled to recover." 48 C. J. p. 703, note, citing *Dowdall* v. *Borgfeldt,* 113 N. Y. Supp. 1069 (aff'd 134 App. Div. 954 [118 N. Y. Supp. 1103]).

A check does not discharge a debt until the check is paid to the creditor or some person authorized by him to receive payment.

"The fact that an agent has authority to sell goods on behalf of his principal does not empower him to indorse checks payable to the principal. One who takes a check indorsed by such an agent takes it subject to the rights of the principal." Brady, Law of Forged and Altered Checks (1st Ed.), p. 216.

Even though Green may be said to have had authority to collect, it would not carry with it authority to indorse. It clearly appears in this case that the

indorsement by Green was wholly unauthorized and there is no evidence of circumstances absolving the county from liability.

"A check made payable to an individual or corporation is an order on the drawee to pay the amount of such check out of the drawer's funds to the payee, and can be paid to no one else without the payee's consent or authority. If the drawee of the check pays it, or any one else, bank or individual, in the course of business takes it with an unauthorized or forged indorsement, it is at the risk of having to make it good to the payee." *Merchants & Manfg. Ass'n* v. *First National Bank of Mesa,* 40 Ariz. 531 (14 Pac. [2d] 717).

The power of an agent to indorse cannot be implied from the fact that the agent, without the knowledge or consent of his principal, indorsed checks in the principal's name and misapplied the proceeds. *Willington* v. *Irving Trust Co.,* 142 Misc. Rep. 627 (255 N. Y. Supp. 186).

An agent, authorized to make collections, has no implied authority to indorse checks taken in the name of his principal.

If Green presented the vouchers for the merchandise that fact carried no implied authority to indorse checks payable to plaintiff. Apparent authority cannot be implied from the fact, if such, that Green forged the name of plaintiff on one previous check and plaintiff made no complaint, for the evidence fails to show knowledge on the part of plaintiff of such fact. An implied or an apparent authority on the part of Green cannot be predicated on a previous forgery and payment obtained thereon without the actual knowledge of plaintiff. Plaintiff's assertion of want of knowledge thereof is not met by the fact that the county paid only in checks. We find no evi-

dence that Green had authority, express, implied or apparent, to receive payment on checks payable to the order of and not indorsed by plaintiff.

Defendant had judgment on its affirmative defense and, in support thereof, contends that the concluding language of Court Rule No. 64 (1933), reading:

"Appellant may assign as error that the judgment is against the preponderance of the evidence; but on appeals in civil cases error cannot be assigned for total lack of evidence on a material question unless such lack of evidence has been called to the attention of the court during the trial or on motion for a new trial,"

seems to indicate that in the absence of a motion for new trial even total lack of evidence on a material question will not be reviewed.

The rule does not relieve a defendant from showing payment.

It would be absurd to hold that error may be assigned "that the judgment is against the preponderance of the evidence," but cannot be assigned upon a total lack of evidence on a material question.

The judgment is reversed and the case remanded to the circuit court with direction to enter judgment for plaintiff.

Plaintiff will recover costs.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and POTTER, JJ., concurred. TOY, J., did not sit.