## EMIL BECKMAN v. HAROLD W. BECKMAN AND ANOTHER. MARYLAND CASUALTY COMPANY, APPELLANT.[1]

March 18, 1938.

No. 31,534.

[1]Reported in 277 N. W. 355.

*Abbott, MacPherran, Dancer, Gilbert & Doan,* for appellant.
*Ellis J. Butchart,* for respondent.

PETERSON, JUSTICE.

The administrator *de bonis non* of the estate of Gust Beckman, deceased, brings this action against the administrator *de bonis non* with the will annexed of the estate of Adrian Beckman, deceased, and the Maryland Casualty Company, to recover $672.32 upon the bond of Adrian Beckman upon which the corporation was surety, that sum representing the balance due to the estate of Gust Beckman of an amount for which Adrian Beckman as administrator of said estate failed to account. Adrian Beckman died while he was administrator of the estate of Gust Beckman. Adrian's estate has been fully probated and the estate is closed. Plaintiff, as administrator *de bonis non* of the estate of Gust Beckman, has in his hands $322.73, the source of which is not disclosed, and $5,750, the proceeds of the sale of certain real estate sold under license of the probate court. Adrian Beckman, as one of the heirs of Gust Beckman, was entitled to receive one-fifth of his estate. It appears that there are no outstanding debts against the estate of Gust Beckman, but the final account of the representative has not been filed and allowed, and the amount of the distributive shares of each of the heirs has not been determined by the probate court.

In its answer the surety company alleged that plaintiff as representative of the estate of Gust Beckman had in his hands the monies referred to; that the share of the administrator Adrian Beckman was more than the amount claimed to be due under the bond; that the surety company was subrogate to the rights of the administrator Adrian Beckman; that it was entitled to set off the amount to which it was entitled by subrogation against the share of Adrian Beckman in the hands of plaintiff, and it offered to set off to plaintiff so much thereof as would be sufficient to satisfy the sum so claimed to be due. The court below granted plaintiff's motion for judgment

on the pleadings when the case was called for trial upon the grounds that only the surety company was served and the defendant administrator, Harold W. Beckman, was not served. A motion was made to vacate the decision of the court and the judgment entered thereon and to grant a new trial upon the grounds that as a matter of fact Harold W. Beckman as administrator had been served and was in default, but no proof of service or of the default had been filed. It was admitted upon the motion that Harold W. Beckman as administrator had been in fact served and was in default. The court denied the motion upon the ground that the heirs of Adrian Beckman were necessary parties to the action and had not been joined.

■ Plaintiff had the right to bring the action to recover on the bond. 3 Dunnell, Minn. Dig. (2 ed.) § 3583b. The representative has the right to collect and enforce claims of the estate. Weis v. Kundert, 172 Minn. 274, 215 N. W. 176. The representative acts for the estate in suing to enforce claims due to the estate. The statute provides that "the defendant in any action commenced by a decedent or representative may set off a claim against the decedent's estate notwithstanding such claim has not been filed in the probate court" and that "if judgment be rendered against the representative, it may be certified to the probate court and shall be then paid in the same manner as other claims against the estate." 3 Mason Minn. St. 1936 Supp. § 8992-106. The statute permits a defendant to set off a claim he has against a plaintiff representative without presenting it to the probate court. It makes no difference whether the claim is a personal one or one relating to a right, title, or interest in real estate. The representative of the estate of a decedent represents the estate, the heirs, and all persons interested in the estate in suing to enforce a claim due to the estate; and a judgment in such action, whether upon the claim or a set-off asserted by the defendant, is binding and conclusive upon the representative, the heirs, and such interested persons, even though the latter are not parties to the action. Connolly v. Connolly, 26 Minn. 350, 4 N. W. 233; Gerdtzen v. Cockrell, 52 Minn. 501, 55 N. W. 58; Talty v. Torling, 79 Minn. 386, 82 N. W. 632; Martin County Nat. Bank v. Bird, 92

Minn. 110, 99 N. W. 780; Lamoreaux v. Higgins, 171 Minn. 423, 214 N. W. 267; Scott v. Nordin, 171 Minn. 469, 214 N. W. 472. Since the plaintiff was authorized by law to bring this action and the defendant was authorized to assert its set-off without joining the heirs of Adrian as parties, it was error to deny the motion for new trial.

■ We express no opinion as to the merits of the set-off. No question except that of joinder of the heirs is raised on the appeal with respect to defendant's right to assert the set-off. It is sufficient to hold that the surety is entitled to be heard upon the merits.

Reversed and new trial granted.

